MALAN v GENERAL DYNAMICS LAND SYSTEMS, INC

Docket No. 147876. Submitted September 13, 1994, at Detroit. Decided August 11, 1995, at 9:10 A.M.

Sam and Sue Malan brought an action in the Oakland Circuit Court against General Dynamics Land Systems, Inc., claiming harassment based on national origin and loss of consortium arising out of that harassment. A jury returned a verdict for the plaintiffs, and the court, Gene Schnelz, J., entered a judgment on the verdict. The defendant appealed, claiming that the judgment must be reversed because the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, does not create a cause of action for harassment based on national origin and because of the prejudice resulting from the admission of testimony concerning alleged acts of harassment that occurred more than three years, the applicable period of limitation, before the filing of the complaint.

The Court of Appeals *held:*

1. Harassment based on any of the classifications listed in § 202(1)(a), MCL 37.202(1)(a); MSA 3.548(202)(1)(a), which includes the classification of national origin, is actionable under the Civil Rights Act.

2. Although the testimony concerning acts of harassment that occurred more than three years before the filing of the complaint should not have been admitted into evidence, the error was harmless in view of the abundant evidence of ongoing institutional discrimination and harassment within the statutory period.

Affirmed.

*Keller & Katkowsky, P.C.* (by *Lawrence S. Katkowsky*), for the plaintiffs.

*Dean & Fulkerson* (by *George W. Burnard*), for the defendant.

Before: MICHAEL J. KELLY, P.J., and BRENNAN and J. A. FULLERTON,* JJ.

PER CURIAM. On March 3, 1987, plaintiffs, Sam Malan and Sue Malan, filed a complaint claiming in part national origin harassment and loss of consortium. A jury trial subsequently was held, and a verdict in favor of plaintiffs was returned. Defendant, General Dynamics Land Systems, Inc., now appeals as of right. We affirm.

Defendant claims on appeal that the verdict in favor of plaintiffs must be reversed because the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, does not create a cause of action for national origin harassment. We disagree. MCL 37.2202(1)(a); MSA 3.548(202)(1)(a) states that an employer shall not do any of the following.

> (a) Fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status.

MCL 37.2103(i); MSA 3.548(103)(i) elaborates by stating in pertinent part:

> Discrimination because of sex includes sexual harassment which means unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature . . . .

Defendant contends that nothing in the above sections makes harassment illegal. Defendant contends that of the nine protected civil rights listed in the act, protection from harassment is extended

---

* Circuit judge, sitting on the Court of Appeals by assignment.

only to the category of sex. We find, however, that harassment based on any one of the enumerated classifications is an actionable offense. See, e.g., *Rasheed v Chrysler Corp,* 445 Mich 109; 517 NW2d 19 (1994), (religion-based harassment from co-workers and supervisors); *Sumner v Goodyear Tire & Rubber Co,* 427 Mich 505, 538; 398 NW2d 368 (1986), (race-based harassment from supervisors as continuing violation); *Meek v Michigan Bell Co,* 193 Mich App 340, 342-343; 483 NW2d 407 (1992), (sex-based and religion-based harassment from supervisors); cf. *Barbour v Dep't of Social Services,* 198 Mich App 183, 185; 497 NW2d 216 (1993), (holding that sexual-orientation-based harassment, a nonenumerated classification, is not proscribed by the act).

It appears that when the Legislature enacted MCL 37.2103(i); MSA 3.548(103)(i), (defining sexual harassment), it did not intend to limit a cause of action for harassment to one based solely on harassment of a sexual nature. See House Legislative Analysis, HB 4407, February 25, 1980.

The act seeks to eliminate the effects of offensive or demeaning stereotypes, prejudices, and biases. Cf. *Boutros v Canton Regional Transit Authority,* 997 F2d 198, 200 (CA 6, 1993) (finding that national origin harassment is actionable under 42 USC 1983).

Because there was abundant evidence of ongoing institutional discrimination and harassment, we decline to find error requiring reversal in the allowance of testimony concerning events outside the period of the applicable statute of limitations. Although the court improperly allowed into evidence testimony concerning pre-1984 acts, that error was harmless. During the limitation period a supervisor harassed plaintiff Sam Malan, his co-workers continued to call him names, and he was

denied the opportunity to work overtime, even though he continued to complain to company officials and others in authority. Nothing was done to alleviate the discrimination and harassment. He sought medical and psychological intervention. His economic and noneconomic damages occurred after 1984. The admission of the pre-1984 discriminatory acts did not affect a substantial right, and the jury's verdict was justified.

Affirmed.