DOWNEY v CHARLEVOIX COUNTY BOARD OF COUNTY ROAD
COMMISSIONERS

Docket No. 192948. Submitted August 5, 1997, at Grand Rapids. Decided
February 3, 1998, at 9:10 A.M.

Charlotte K. Downey, as personal representative of the estate of
James B. Downey, brought an action in the Charlevoix Circuit
Court against the Charlevoix County Board of County Road Com-
missioners, seeking damages for age and handicap discrimination
that allegedly occurred during the course of the decedent's employ-
ment with the defendant and claiming that the decedent's discharge
from his employment with the defendant was the result of age dis-
crimination. The plaintiff alleged that the defendant had allowed a
hostile work environment to exist with respect to the decedent as a
result of the decedent's age, forty-five, and as a result of his handi-
cap, a depressive disorder for which the decedent took medication.
The plaintiff also alleged that the defendant discharged the dece-
dent from his employment because of his age. The defendant
moved for summary disposition of the handicap discrimination
claim on the bases that the decedent had not requested accommo-
dation for his handicap and had not been discharged because of his
handicap and moved for summary disposition of the age discrimi-
nation claim on the basis that the decedent had not been dis-
charged because of his age. The defendant asserted that the dece-
dent had been discharged from his employment because he had.
assaulted his supervisor after a work assignment that he had
desired had been given to a fellow employee. The court, Richard M.
Pajtas, J., granted summary disposition for the defendant, ruling
that the decedent had been discharged because he had assaulted a
supervisor without justification or sufficient provocation, that the
fact that the work assignment that precipitated the events that
culminated in the decedent's discharge had been given to a man
who was four years older than the decedent made it difficult to
accept the claim of age discrimination, and that the evidence on
the record was insufficient to create any genuine issue of material
fact. The plaintiff appealed, contending that there was a material
factual dispute with respect to both the claim that there had been
age and handicap discrimination that had created a hostile work

environment for the decedent and the claim that age was a significant factor in the decedent's discharge.

The Court of Appeals *held*:

1. Harassment based on any of the classifications listed in § 202(1)(a) of the Civil Rights Act, MCL 37.2202(1)(a); MSA 3.548(202)(1)(a), which includes the classification of age, is actionable. In the same fashion, harassment on the basis of a handicap is actionable under § 202 of the Handicappers' Civil Rights Act, MCL 37.1202; MSA 3.550(202). Accordingly, the plaintiff, in pleading age harassment and handicap harassment on the basis of a hostile work environment, pleaded causes of actions recognized under the respective civil rights acts.

2. In order to establish a prima facie case of a hostile work environment, a plaintiff must prove: (1) an employee belonged to a protected group; (2) the employee was subjected to communication or conduct on the basis of the protected status; (3) the employee was subjected to unwelcome conduct or communication on the basis of the protected status; (4) the unwlecome conduct or communication was intended to or did interfere substantially with the employee's employment or created an intimidating, hostile, or offensive work environment; and (5) respondeat superior.

3. The decedent's age, forty-five, brought him within a protected group under the Civil Rights Act. The decedent's depressive disorder was a mental illness, which is a handicap within the meaning of the Handicappers' Civil Rights Act and brought the decedent within a group protected under that act.

4. The deposition testimony that is part of the lower court record shows that supervisory personnel made derogatory comments about the decedent and other older employees, gave preferential treatment to younger employees, and made derogatory comments concerning the decedent's depression and the fact that he was being medicated for that condition. That testimony is sufficient to establish that the decedent had been subjected to unwelcome conduct on the bases of his protected statuses. The same deposition testimony further sufficiently establishes that the ongoing comments and conduct toward the decedent created an intimidating, hostile, and offensive work environment. The plaintiff stated actionable claims of age and handicap harassment based on a hostile work environment and presented sufficient evidence with respect to each element of those claims to create a genuine issue of material fact concerning whether the decedent had been subject to age and handicap harassment as a result of a hostile work environment. Accordingly, the trial court's order granting summary disposition for the defendant with respect to the plaintiff's age and

handicap harassment claims must be reversed, and the case must be remanded for further proceedings with respect to those claims.

5. The plaintiff, in support of the claim that the defendant engaged in age discrimination in discharging the decedent, presented direct evidence of age discrimination. The deposition testimony in the record, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the decedent's discharge. Because the proffered evidence supports the plaintiff's claim that the discharge of the decedent was motivated by age discrimination, the defendant has the burden of showing that the decedent's age was not a determining factor in its decision to fire the decedent. Because there are unresolved questions whether the sole reason for the decedent's discharge was his assault on his supervisor and whether the decedent was provoked into the altercation so that he could be discharged for cause even though the true motivation of the discharge was age discrimination, the trial court erred in finding as a matter of law that the decedent's discharge was not motivated by age discrimination.

Reversed and remanded.

1. CIVIL RIGHTS — HARASSMENT — CIVIL RIGHTS ACT — ACTIONS — AGE.

Harassment based on any of the classifications listed in the Civil Rights Act, including age, is actionable (MCL 37.2202[1][a]; MSA 3.548[202][1][a]).

2. CIVIL RIGHTS — HARASSMENT — HOSTILE WORK ENVIRONMENT — HANDICAPPERS' CIVIL RIGHTS ACT — ACTIONS — MENTAL ILLNESS.

Harassment or the creation of a hostile work environment because of a handicap within the meaning of the Handicappers' Civil Rights Act, including mental illness, is actionable (MCL 37.1202; MSA 3.550[202]).

*Thompson & O'Neil, P.C.* (by *William J. Brooks*), for the plaintiff.

*Johnson, Rosati, Galica, LaBarge, Aseltyne, Sugameli & Field, P.C.* (by *Marcia L. Howe*), for the defendant.

Before: CAVANAGH, P.J., and HOLBROOK, Jr., and JANSEN, JJ.

JANSEN, J. In this age and handicapper's discrimination case, plaintiff, Charlotte K. Downey, appeals as

of right from a January 23, 1996, order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(10). We reverse and remand for further proceedings.

I

Plaintiff's decedent,[1] James Bradley Downey (hereafter Downey), worked for defendant at the Ironton garage for approximately twenty years. Downey was discharged on September 6, 1994. Before his discharge, he worked as a heavy equipment operator. Apparently, Downey wanted the assignment of "regular" grader operator, however, that assignment went to another employee who was four years older than Downey, but had less seniority. After the assignment was posted, an altercation occurred between Downey and his supervisor. Defendant claimed that it had discharged Downey after an investigation into the incident in which he had physically attacked his supervisor, Tim Parsel, on August 23, 1994. Plaintiff, however, claims that age and handicap discrimination were the real reasons for termination and that Downey was provoked into the altercation with his supervisor.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(10). It argued that, with respect to plaintiff's claim of handicap discrimination, the claim should be dismissed because Downey failed to provide notice of a request for an accommodation for his handicap or, alternatively, that he was not discharged because of his handicap. It also argued that,

___

[1] Mr. Downey was killed in an automobile accident on September 21, 1994. No other vehicles were involved, however, he had been drinking alcohol before the accident occurred.

with respect to the claim of age discrimination, the claim should be dismissed because age was not a determining factor in Downey's discharge. The trial court granted defendant's motion with respect to both counts. The trial court ruled that Downey was discharged because he had assaulted the supervisor and that the supervisor did not provide sufficient provocation. The trial court ruled that there was no reasonable argument that Downey's violence was justifiable or the result of sufficient provocation. It further ruled that because the grader operator assignment went to an employee who was four years older than Downey, it was "difficult" to accept Downey's claim of age discrimination. Ultimately, the trial court ruled that there was "no evidence sufficient in the records . . . that creates a genuine issue of material fact," and entered summary disposition in favor of defendant pursuant to MCR 2.116(C)(10).

On appeal, plaintiff argues that the trial court erred in granting defendant's motion for summary disposition. Plaintiff contends that she has created a material factual dispute regarding whether a hostile work environment claim based on age and handicapper's discrimination exists such that summary disposition was improperly granted for defendant. She also contends that there is a material factual dispute regarding whether age was a significant factor in Downey's discharge such that summary disposition was improperly granted.

We review de novo a trial court's ruling on a motion for summary disposition. *Harrison v Olde Financial Corp*, 225 Mich App 601, 605; 572 NW2d 679 (1997). A motion brought under MCR 2.116(C)(10) tests the factual support for the claim. *Skinner v Square D Co*,

445 Mich 153, 161; 516 NW2d 475 (1994). The pleadings, affidavits, depositions, admissions, and any other documentary evidence submitted by the parties must be considered by the court when ruling on a motion brought under MCR 2.116(C)(10). MCR 2.116(G)(5). The court is not permitted to assess credibility or to determine facts on a motion for summary disposition. *Skinner, supra,* p 161. Rather, the court's task is to review the record evidence, and all reasonable inferences from it, and determine whether a genuine issue of any material fact exists to warrant a trial. *Id.*

II

A.

We first turn to plaintiff's claim of hostile work environment based on age and handicap. In *Malan v General Dynamics Land Systems, Inc,* 212 Mich App 585, 587; 538 NW2d 76 (1995), this Court held that harassment based on any one of the enumerated classifications[2] contained in § 202(1)(a) of the Civil Rights Act, MCL 37.2202(1)(a); MSA 3.548(202)(1)(a), is actionable. Specifically, this Court held that the Civil Rights Act creates a cause of action for national origin harassment. *Malan, supra,* p 586.

We are bound to follow *Malan* pursuant to MCR 7.215(H), and we would follow it in any event because we believe that *Malan* correctly held that harassment based on any of the enumerated classifications in § 202(1)(a) is an actionable offense. As noted in *Malan, supra,* p 587, the Civil Rights Act

---

[2] The classifications listed are religion, race, color, national origin, age, sex, height, weight, and marital status.

seeks to eliminate the effects of offensive or demeaning stereotypes, prejudices, and biases. Moreover, *Malan* is consistent with the overwhelming weight of authority in the federal courts. The federal courts have recognized that harassment based on age is actionable under the Age Discrimination in Employment Act, 29 USC 623. *Sischo-Nownejad v Merced Community College Dist*, 934 F2d 1104 (CA 9, 1990); *Dunn v Medina General Hosp*, 917 F Supp 1185 (ND Ohio, 1996). The federal courts have also recognized that handicap harassment is actionable under the Americans with Disabilities Act, 42 USC 12101 *et seq.*, *Dunn v Medina General Hosp*, 917 F Supp 1185 (ND Ohio, 1996); *Henry v Guest Services, Inc*, 902 F Supp 245 (D DC, 1995). The fact that handicap is not a listed classification in § 202(1)(a) of the Civil Rights Act is not dispositive, because, like the federal courts, we recognize a claim of handicap harassment or hostile work environment under § 202 of the Handicappers' Civil Rights Act (HCRA), MCL 37.1202; MSA 3.550(202).

Therefore, we agree with plaintiff that there is a cause of action for a claim of harassment or hostile work environment based on age and handicap under the respective civil rights acts. Such a holding is consistent with the purpose of the acts and consistent with the holdings of the federal courts.[3] As the federal courts have noted, the civil rights acts prohibit discrimination against an individual with respect to a term, condition, or privilege of employment. Both

---

[3] Although federal precedence interpreting the federal Civil Rights Act is not binding on Michigan courts interpreting our own civil rights statutes, federal precedence can be used as a guidance by Michigan courts. *Radtke v Everett*, 442 Mich 368, 382; 501 NW2d 155 (1993).

MCL 37.2202(1)(a); MSA 3.548(202)(1)(a) and MCL 37.1202(1)(b); MSA 3.550(202)(1)(b) contain the same prohibition. As noted by the United States Supreme Court, the phrase "terms, conditions or privileges of employment" evinces a legislative intent to strike at the entire spectrum of disparate treatment of men and women in employment, which includes requiring people to work in a discriminatorily hostile or abusive environment. *Harris v Forklift Systems, Inc*, 510 US 17, 21; 114 S Ct 367; 126 L Ed 2d 295 (1993).

Accordingly, with the rulings of the federal courts and the ruling in *Malan* in mind, we hold that harassment or hostile work environment based on age and handicap is actionable. Contrary to defendant's argument, this Court's decision in *Koester v Novi*, 213 Mich App 653; 540 NW2d 765 (1995), does not compel a different ruling. In *Koester*, this Court merely held that gender-biased comments to a female employee concerning pregnancy, career choice, and child rearing are not comments "of a sexual nature" that create a hostile work environment under MCL 37.2103(i); MSA 3.548(103)(i), which statute deals specifically with sexual harassment. Therefore, we find no conflict between *Malan* and *Koester*, and we conclude that *Koester* holds only that claims based on sexual harassment must be "of a sexual nature" to be actionable, which is consistent with the wording of the statute.

B

We must next determine whether plaintiff has proved sufficient facts to create a material factual dispute regarding whether there was a hostile work envi-

ronment based on age and handicap.[4] In order to establish a prima facie case of hostile work environment, a plaintiff must prove: (1) the employee belonged to a protected group; (2) the employee was subjected to communication or conduct on the basis of the protected status; (3) the employee was subjected to unwelcome conduct or communication on the basis of the protected status; (4) the unwelcome conduct or communication was intended to, or in fact did, interfere substantially with the employee's employment or created an intimidating, hostile, or offensive work environment; and (5) respondeat superior. See *Radtke v Everett*, 442 Mich 368, 382-383; 501 NW2d 155 (1993); *Quinto v Cross & Peters Co*, 451 Mich 358, 368-369; 547 NW2d 314 (1996).

With respect to the first element, Downey was forty-five years old at the time of his discharge and he suffered from a depressive disorder, diagnosed in 1988. We disagree with defendant that Downey was not handicapped within the meaning of MCL 37.1103(e); MSA 3.550(103)(e).[5] The affidavit of Robert Newhouse, M.D., a psychiatrist, was that Downey's depressive disorder was of a nature and magnitude to constitute a handicap. Further, Downey took Prozac for his depressive condition. This mental ill-

---

[4] Defendant argues in its brief that the handicap claim must fail because Downey failed to notify it of his need for an accommodation. We note, as the trial court correctly recognized, that this case is not an accommodation case. Plaintiff did not plead accommodation and does not argue it on appeal. This issue concerns only whether plaintiff has made a prima facie case of handicap harassment sufficient to have a jury decide the issue.

[5] We note that defendant did not raise this argument in the trial court. Rather, defendant did not claim that Downey was not handicapped within the meaning of the HCRA, but assumed, for purposes of its analysis, that Downey was handicapped.

ness constitutes a handicap within the meaning of the HCRA. See, e.g., *Merillat v Michigan State Univ*, 207 Mich App 240, 245; 523 NW2d 802 (1994) (the defendants' perception of the plaintiff as being mentally unstable fell within the statutory definition of handicap). Thus, the first element has been shown in that Downey was in the protected groups concerning age and handicap.

With respect to the second and third elements, the employee must show that but for the fact of his membership in a protected class, he would not have been the object of harassment and that he was subjected to unwelcome conduct. *Quinto, supra,* pp 368-369. There was sufficient evidence presented to prove the second and third elements. Deposition testimony of other workers revealed that both Larry Hamlin, the manager of the road commission, and Parsel created a hostile work environment. Richard Stangis, a foreperson, stated that Parsel used the term "old guys" all the time and that Parsel tried to make it miserable for all the older employees. Patrick Whitely, a truckdriver at the Ironton garage, testified that Parsel would "pick on" the older workers and give preferential treatment to the younger workers. Patrick also stated that Parsel "just didn't like" Mr. Downey and that Parsel did not believe that Mr. Downey was a hard worker. Julie Whitely, Patrick's wife and a social friend of Parsel, stated in an affidavit that Parsel made derogatory comments regarding different employees that left her with the impression that Parsel believed that older workers were lazy or "excess baggage." Joseph Martinchek, another employee, testified at his deposition that Hamlin "thought the old guys were lazy."

Parsel also assertedly made statements concerning Downey's depression. Patrick Whitely testified that Parsel usually made derogatory remarks concerning Downey's medication. Martinchek testified that he believed that the depression resulted from management's "riding" of Downey. Martinchek also testified that Parsel entered the garage one day and made fun of Downey because he was on Prozac. Both Hamlin and Parsel were aware that Downey had a medical condition and took medication for it.

We find that this evidence is sufficient to establish the second and third elements of a hostile work environment. Thus, we must next consider whether the unwelcome conduct was intended to, or in fact did, interfere substantially with the employee's employment or created an intimidating, hostile, or offensive work environment. We believe that sufficient evidence has been presented to establish the fourth element as well. Four employees testified at depositions that the working conditions at the Ironton garage were so bad that several employees reported health problems directly attributable to the environment created by Parsel and Hamlin. Further, Dr. Newhouse's affidavit states that, on the basis of his review of the deposition testimony, the work environment would have been perceived to be stressful by employees who considered themselves as older. Thus, the ongoing comments and conduct directed toward Downey, because of his age and handicap, created an intimidating, hostile, and offensive work environment. The deposition testimony of several employees clearly supports this conclusion.

Finally, the last element—respondeat superior—has been met because the conduct was perpetrated by the

manager and the supervisor of the garage. In other words, Downey's employers perpetrated the conduct. See *Radtke, supra,* p 397.

Accordingly, we hold that plaintiff has stated claims of age and handicap harassment or hostile work environment and that plaintiff has presented sufficient evidence with respect to each element to create a material factual dispute regarding whether Downey was subjected to a hostile work environment based on age and handicap. The trial court's grant of summary disposition in favor of defendant on the claims of age and handicap harassment is reversed, and we remand for further proceedings on those claims.

### III

We next turn to plaintiff's claim of age discrimination.[6] Plaintiff alleges that defendant engaged in intentional discrimination in violation of the Civil Rights Act by discharging Downey because of his age. As correctly noted by plaintiff, a prima facie case of intentional discrimination requires a showing that an employee was a member of a protected class, that the employee was discharged or otherwise discriminated against with respect to employment, that the defendant was predisposed to discriminate against persons in the class, and that the defendant acted upon that disposition when the employment decision was made. *Coleman-Nichols v Tixon Corp,* 203 Mich App 645, 651; 513 NW2d 441 (1994); *Meagher v Wayne State Univ,* 222 Mich App 700, 709; 565 NW2d 401 (1997),

---

[6] To the extent that plaintiff now argues claims of handicap and weight discrimination as well, we find that they are not properly on appeal because these claims were not presented to the trial court.

quoting *Reisman v Regents of Wayne State Univ*, 188 Mich App 526, 538-539; 470 NW2d 678 (1991).

Contrary to defendant's contention, the burden of proof analysis as set forth in *McDonnell Douglas Corp v Green*, 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973), does not apply in this case because, as will be more fully set forth, plaintiff has presented direct evidence of discriminatory animus. *Harrison, supra*, p 609. "Direct evidence" is evidence that, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor. *Id.*, p 610. Thus, racial slurs by a decision maker constitute direct evidence of racial discrimination that is sufficient to get the plaintiff's case to a jury. *Id.*, citing *Kresnak v Muskegon Heights*, 956 F Supp 1327 (WD Mich, 1997).

Plaintiff has presented direct evidence of age discrimination in this case. Lionel McClanaghan, an employee at the Ironton garage, testified at his deposition that Hamlin made a comment to a group of employees about "getting rid of older employees" because they "weren't doing the job." McClanaghan testified that Hamlin stated, "If I have to, I will get rid of the older guys—you older guys and replace you with younger ones." Patrick Whitely testified that in the summer of 1994, when he had considered leaving his job, Parsel told him: "Don't quit now. We will get rid of these old guys, and we will have a good crew." Whitely also stated that Parsel would "pick on" the older workers and give preferential treatment to the younger workers. There was additional deposition testimony from Stangis that Parsel used the term "old guys" all the time. Martinchek also testified that Hamlin believed the "old guys" were lazy. Further, plaintiff

testified that Downey told her that Hamlin was "going to get rid of all of us older guys. He wants the older men out of there."

This is certainly direct evidence of age discrimination. See *Harrison, supra*, p 610. However, this case is one of "mixed motives" because defendant's decision to discharge Downey could have been based on several factors, including legitimate as well as legally impermissible ones. *Id.* Here, defendant claims that Downey was discharged because of his altercation with Parsel. However, there is also direct evidence of age discrimination. Thus, once a plaintiff has met the initial burden of proving that the illegal conduct (here, age discrimination) was more likely than not a substantial or motivating factor in the defendant's decision, a defendant has the opportunity to show by a preponderance of the evidence that it would have reached the same decision without consideration of the protected status. *Id.*, p 611. Put differently, a defendant may assume the burden of persuading the factfinder that consideration of the employee's protected status was not a determining factor in its employment action. *Id.*, p 613.

The trial court erred in ruling as a matter of law that Downey was discharged because of his altercation with Parsel. That is because there is direct evidence of age discrimination in this case as well. Moreover, plaintiff has presented evidence that Downey was provoked into attacking Parsel. Hamlin testified at his deposition that he was aware that Downey wanted to become a regular grader operator. Hamlin discussed with Parsel about how Downey would react if he was passed over for another person for this position. Parsel informed Downey that McClanaghan

would receive the position. Although Downey was the "next in line" to receive the position based on seniority, there was no provision in the collective bargaining agreement mandating that Downey receive the position. Further, an entry in Hamlin's computer files documents a report from Parsel stating that Stangis had continually prodded Downey about losing his place on the grader during the week before the altercation.

The actual altercation occurred on August 23, 1994, when the assignment was posted. Downey and Parsel had an argument, and Downey ultimately pushed Parsel. As Parsel got up, Downey hit him in the head and ribs. Also, we note that Julie Whitely stated that during a conversation with Parsel, he told her, "I shouldn't be telling you this, but we knew this was going to happen sooner or later and [Parsel] was glad it was finally over." She also stated that the context of Parsel's statement left her with the impression that Parsel and Hamlin knew that Downey would react in the manner in which he did and that Parsel had been pushing Downey to get him to react in that manner.

In this case, where plaintiff has presented direct evidence of intentional age discrimination by showing that defendant was predisposed to discriminate on the basis of age and did act on that predisposition, the trial court erred in making a factual finding that Downey was discharged exclusively because of the altercation with Parsel. This is especially so where there is evidence that Downey was provoked into the altercation so that defendant could discharge him. See, e.g., *Sumner v Goodyear Tire & Rubber Co*, 427 Mich 505, 539-542; 398 NW2d 368 (1986) (where there was substantial evidence to indicate that the purpose

of the racial harassment was to provoke the plaintiff into an action—an altercation—for which the plaintiff could be discharged, the discharge may have been part of the plan or course of conduct and the discriminatory provocation a substantial factor in the resulting discharge). We certainly do not condone any physical attack taken by an employee upon a supervisor, but note that there is evidence that Downey was provoked into the altercation so that he could be discharged and that the discharge may have been motivated by discriminatory reasons. *Id.*, p 541. Therefore, there is a question of fact regarding the reason for Downey's discharge.

IV

In conclusion, we hold that there is a valid cause of action for claims of age and handicap harassment or hostile work environment under the Civil Rights Act and the Handicappers' Civil Rights Act. We find that plaintiff has presented sufficient evidence with respect to all elements of a claim of a hostile work environment to survive a motion for summary disposition We also hold that plaintiff has presented sufficient evidence of age discrimination such that a jury must determine the real reason for Downey's discharge.

Reversed and remanded for further proceedings. Jurisdiction is not retained. Plaintiff, having prevailed in full, may tax costs pursuant to MCR 7.219.