*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NEAL J. CAMPBELL,

         Plaintiff-Appellee,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

         Defendant-Appellant,

and

AUTO CLUB INSURANCE ASSOCIATION,

         Defendant-Appellee,

and

MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY,

         Defendant.

UNPUBLISHED
January 15, 2026
1:20 PM

No. 371663
Clare Circuit Court
LC No. 2023-900342-NF

Before: SWARTZLE, P.J., and GARRETT and WALLACE, JJ.

PER CURIAM.

This action for personal protection insurance (PIP) benefits for allowable expenses under Michigan's no-fault act, MCL 500.3101 *et seq.*, arises out of catastrophic personal injuries suffered by plaintiff in an April 26, 2023 accident involving a motor vehicle that occurred while plaintiff was operating his motorcycle. When an issue arose as to which insurer had priority in the payment of his PIP benefits, plaintiff brought suit against the automobile driver's insurer, Auto Club Insurance Association (ACIA); his own insurer, State Farm Mutual Automobile Insurance Company (State Farm); and the Michigan Automobile Insurance Placement Facility (MAIPF). Plaintiff brought a motion for summary disposition under MCR 2.116(C)(10) and, simultaneous

with responding to this motion, ACIA and State Farm each likewise sought summary disposition pursuant to MCR 2.116(I)(2). State Farm appeals from the trial court's January 25, 2024 opinion and order granting plaintiff's motion for summary disposition against it, and granting ACIA's counter-motion for summary disposition.[1] We reverse and remand for entry of an order granting summary disposition in favor of State Farm.

## I. FACTUAL BACKGROUND

Plaintiff was riding his motorcycle on April 26, 2023 when he was struck by an automobile operated by Vanessa Bauswell, suffering catastrophic injuries as a result, including amputation of his left leg below the knee, pelvic injury, and injury to his thoracic spine resulting in paralysis. Bauswell maintained a policy of automobile insurance with MemberSelect Insurance Company, which is a member of ACIA (ACIA policy),[2] on her motor vehicle as required by MCL 500.3101. Bauswell selected "$250,000 per person per accident with exclusions" for herself and Brendan Isa Smith for the PIP coverage on her policy. Plaintiff also maintained insurance as required by MCL 500.3101 on his motor vehicle, and likewise had a policy on his motorcycle, with State Farm. As it pertained to PIP coverage, plaintiff selected unlimited coverage for allowable expenses on his State Farm motor vehicle policy for the applicable policy term.

Following the accident, plaintiff sought payment of allowable expenses from State Farm, and State Farm then denied benefits by way of a letter providing:

> [Plaintiff] would be entitled to the PIP coverage chosen by the striking vehicle. Since the striking vehicle had PIP coverage that excluded allowable expenses, but extended Replacement Services and Lost wages, then [plaintiff] would be afforded Replacement Services and Lost wages only. [Plaintiff] may be afforded allowable expenses through [the Michigan Assigned Claims Plan (MACP)].

Plaintiff thereafter filed a civil suit with claims for PIP benefits against State Farm, ACIA and the MAIPF, seeking declaratory relief as to which defendant owed what benefits. Plaintiff then moved for summary disposition under MCR 2.116(C)(10). ACIA's response to the summary disposition motion argued that it was not liable for plaintiff's PIP benefits as it was "not in the highest priority" in light of Bauswell having taken an exclusion from PIP coverage, and likewise sought summary disposition pursuant to MCR 2.116(I)(2).[3] State Farm also responded to the motion, arguing that ACIA was the higher priority insurer, and likewise sought summary disposition pursuant to MCR 2.116(I)(2).

---

[1] Appellant did not challenge the trial court's order granting summary disposition in favor of defendant MAIPF.

[2] No party disputes ACIA's role as Bauswell's insurer in this action.

[3] MCR 2.116(I)(2) provides: "If it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party."

At the summary disposition hearing, State Farm's counsel contended that Bauswell excluded allowable expenses only for herself and Brendan Smith and therefore ACIA "owes $250,000 in allowable expense coverage to the Plaintiff." ACIA's counsel countered that State Farm was responsible for allowable expenses, again, in light of Bauswell having taken an exclusion from PIP coverage.

The trial court took plaintiff's motion and ACIA and State Farm's counter-motions for summary disposition under advisement and, on January 25, 2024, issued an opinion and order granting summary disposition to plaintiff and ACIA, denying State Farm's MCR 2.116(I)(2) counter-motion, and dismissing plaintiff's claim against the MAIPF. The court ruled that because Bauswell took an exclusion from PIP coverage, the ACIA policy is skipped in the order of priority. The court stated that an insurer is exempted "from paying PIP benefits when a 3109a exclusion applies," and, where this is so, "then the injured plaintiff claims PIP benefits 'only under other policies[.]' " Quoting MCL 500.3114(6). The court found that "[t]his result in this case is clearly directed by the plain language of MCL 500.3114(5) and (6)." The court held that the ACIA policy exclusion was for Bauswell "alone as it pertains to her benefits," but determined that MCL 500.3114(6)'s priorities provision looked only "to see if that exclusion applies to an insured." The court found that State Farm's argument, that it was not the highest priority insurer, was erroneous and provided State Farm with "no excuse for the delay in payment of PIP benefits to [p]laintiff." Further, because State Farm's error had "resulted in needless delay in [p]laintiff's compensation for loss," the trial court found an award of attorney fees and penalty interest was justified. The court dismissed the claims against ACIA and the MAIPF, and ordered State Farm "to pay personal protection insurance benefits, penalty interest, and attorney fees in accord with [p]laintiff's policy and state law."

On June 24, 2024, plaintiff and State Farm agreed to a consent judgment, which the trial court entered. The court ordered State Farm to "issue payment for [p]laintiff's medical expenses[,] . . . replacement services for the months of January 2024, February 2024, March 2024 and April 2024[,] . . . attendant care services he received from Mary Jo Campbell from January 8, 2024 through March 30, 2024[,] . . . [and] medical mileage," and reiterated that plaintiff was "entitled to interest and attorney fees" pursuant to its January 25, 2024 opinion and order. The consent judgment further stated:

> [T]he parties agree that State Farm reserves the right to appeal any and all decisions rendered by the [c]ourt in this matter, including . . . but not limited to the terms and agreements outlined in this consent judgment, and . . . State Farm intends to appeal the Court's January 25, 2024 order resolving the priority dispute between State Farm and [ACIA]. It is further understood that the result of that appeal will be binding and take precedent over any conflicting agreement reached in this consent judgment.

The consent judgment further ordered the case dismissed with prejudice, stating that it resolved the last pending claim and closed the case.

State Farm then filed the present appeal.

## II. STANDARD OF REVIEW

"This Court reviews the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "A motion under MCR 2.116(C)(10) . . . tests the *factual sufficiency* of a claim." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019).

In reviewing a (C)(10) motion, a court must examine the pleadings, affidavits, depositions, admissions, and any other documentary evidence submitted by the parties and, drawing all reasonable inferences therefrom in favor of the nonmoving party, determine whether a genuine issue of material fact exists. MCR 2.116(G)(5); *Maiden*, 461 Mich at 120; *Downey v Charlevoix Co Bd of Road Comm'rs*, 227 Mich App 621, 626; 576 NW2d 712 (1998). A genuine issue of fact exists when reasonable minds could differ as to the conclusions to be drawn from the evidence. *West v Gen'l Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

"This Court also reviews de novo whether the trial court properly interpreted and applied the statutory provisions to the facts." *MEEMIC Ins Co v Michigan Millers Mut Ins*, 313 Mich App 94, 99; 880 NW2d 327 (2015).

## III. RELEVANT NO-FAULT STATUTES

As it pertains to this appeal, MCL 500.3101(1) states in part that "*[e]xcept as provided in sections 3107d and 3109a*, the owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance . . . ." (Emphasis added.) Notably, § 3101(1) only governs a policy for a "motor vehicle," which is defined for purposes of Michigan's no-fault act as having "more than 2 wheels," MCL 500.3101(3)(i), and expressly does not include "[a] motorcycle," MCL 500.3101(3)(i)(*i*). MCL 500.3101(2) states in relevant part: "Except as provided in section 3107d, all automobile insurance policies offered in this state must include benefits under personal protection insurance . . . ." MCL 500.3107(1)(a) states that PIP benefits are payable for "[a]llowable expenses consisting of reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation."

Pursuant to the amendments to Michigan's no-fault act contained in 2019 PA 21, certain PIP benefits and specifically allowable expenses are now subject to coverage limits under MCL 500.3107c, which provides in part pertinent to this appeal:

> (1) *Except as provided in sections 3107d and 3109a*, and subject to subsection (5), for an insurance policy that provides the security required under section 3101(1) and is issued or renewed after July 1, 2020, the applicant or named insured shall, in a way required under section 3l07e and on a form approved by the director, select 1 of the following coverage levels for personal protection insurance benefits under section 3107(l)(a):

> \* \* \*

> (b) A limit of $250,000.00 per individual per loss occurrence for any personal protection insurance benefits under section 3107(l)(a).

* * *

(d) No limit for personal protection insurance benefits under section 3107(l)(a). [(Emphasis added.)]

MCL 500.3107d and MCL 500.3109a, referenced in the preceding block quotation, refer to people who elect not to be covered for § 3107(1)(a) benefits, i.e., allowable expenses, and to people who accept "the exclusion related to qualified health coverage" insurers are required to offer them when they select a personal protection benefit limit under § 3107c(1)(b), respectively. In part pertinent to this appeal, MCL 500.3109a(1)-(2) provide:

(1) An insurer that provides personal protection insurance benefits under this chapter may offer deductibles and exclusions reasonably related to other health and accident coverage on the insured. Any deductibles and exclusions offered under this section must be offered at a reduced premium that reflects reasonably anticipated reductions in losses, expenses, or both, are subject to prior approval by the director, and must apply only to benefits payable to the person named in the policy, the spouse of the insured, and any relative of either domiciled in the same household.

(2) For an insurance policy issued or renewed after July 1, 2020, the insurer shall offer to an applicant or named insured that selects a personal protection benefit limit under section 3107c(1)(b) an exclusion related to qualified health coverage. All of the following apply to that exclusion:

(a) If the named insured has qualified health coverage as defined in section 3107d(7)(b)(*i*) that will cover injuries that occur as the result of a motor vehicle accident and if the named insured's spouse and any relatives of either the named insured or the spouse domiciled in the same household have qualified health coverage that will cover injuries that occur as the result of a motor vehicle accident, the premium for the personal protection insurance benefits payable under section 3107(1)(a) under the policy must be reduced by 100%.

(b) If a member, but not all members, of the household covered by the insurance policy has qualified health coverage that will cover injuries that occur as the result of a motor vehicle accident, the insurer shall offer a reduced premium that reflects reasonably anticipated reductions in losses, expenses, or both. The reduction must be in addition to the rate rollback required by section 2111f and the share of the premium reduction for the policy attributable to any person with qualified health coverage must be 100%.

(c) Subject to subdivision (d), a person subject to an exclusion under this subsection is not eligible for personal protection benefits under the insurance policy.

When "a person who suffers accidental bodily injury arising from a motor vehicle accident . . . shows evidence of the involvement of a motor vehicle while an operator or passenger of a motorcycle," MCL 500.3114(5) sets forth the "order of priority" in which that person "shall

claim personal protection insurance benefits from insurers . . . ." MCL 500.3114(5). First in priority are the insurers of the owner or registrant of the motor vehicle involved in the motor vehicle-motorcycle accident, § 3114(5)(a); followed by the insurer of the operator of the motor vehicle, § 3114(5)(b). Next in sequential priority is "[t]he motor vehicle insurer of the operator of the motorcycle involved in the accident," § 3114(5)(c), and then finally, "[t]he motor vehicle insurer of the owner or registrant of the motorcycle involved in the accident," § 3114(5)(d).

MCL 500.3114(5) cross-references and is subject to MCL 500.3114(6), which states:

> If an applicable insurance policy in an order of priority under subsection (5) is a policy for which the person named in the policy has elected to not maintain coverage for personal protection insurance benefits under section 3107d, or as to which an exclusion under section 3109(2) [sic: 3109a(2)][4] applies, the injured person shall claim benefits only under other policies, subject to subsection (7), in the same order of priority for which no such election has been made. If there are no other policies for which no such election has been made, the injured person shall claim benefits under the next order of priority or, if there is not a next order of priority, under the assigned claims plan under sections 3171 to 3175. [(Emphasis added.)]

This "pass through" or "skipping" procedure was an introduced by automobile insurance reform legislation in 2019 PA 21. It appears that MCL 500.3114(6) and the manner in which it addresses MCL 500.3109a(2) exclusions had not previously been addressed in Michigan caselaw until this Court recently issued *Love v Rudolph*, ___ Mich App ___; ___ NW3d ___ (2025) (Docket No. 369895).

IV. ANALYSIS

There is no dispute that plaintiff selected unlimited motor vehicle PIP coverage through State Farm. MCL 500.3107c(1)(d). Likewise, Vanessa Bauswell selected coverage under the § 3109a(2) exclusion. Section 3109a(2) allows an insured who has qualified health coverage to cover injuries occurring due to a motor vehicle accident to select the $250,000-limit on allowable expenses and take an exclusion in exchange for a reduction in their premium, whereupon they are not eligible for PIP benefits. See MCL 500.3109a(2)(a)-(c).

The facts from this Court's recent *Love* decision are indistinguishable from the present case. In *Love*, the plaintiff was likewise riding a motorcycle that was involved in an accident with a motor vehicle that was insured by a policy of insurance that contained an exclusion for allowable

---

[4] The reference to § 3109(2), instead of § 3109a(2), appears to be a scrivener's error. Section 3109(2) is irrelevant as it defines "injured person" as "a natural person suffering accidental bodily injury," whereas § 3109a(2) deals with the exclusion being referenced. The Legislature's website page for MCL 500.3114 confirms this: "**Compiler's Notes:** In subsections (4) and (6), the reference to 'section 3109(2)' evidently should read 'section 3109a(2).' " Legislative Service Bureau, MCL Section 500.3114 <https://www.legislature.mi.gov/Laws/MCL?objectName=mcl-500-3114> (accessed December 3, 2025).

expenses benefits under MCL 500.3109a(2). The plaintiff in that case was not a named insured, spouse, or resident relative under the policy covering the motor vehicle. This Court analyzed the situation as follows:

> MCL 500.3107c(1)(b) and MCL 500.3109a(2) expressly work in tandem and can be understood as providing both a limit on PIP coverage and a separate exclusion from any PIP coverage available only to certain designated individuals meeting certain conditions. The limit applies to anyone with a right to claim PIP benefits under the policy. MCL 500.3107c(5). However, any exclusion under MCL 500.3109a "must apply only to benefits payable to the person named in the policy, the spouse of the insured, and any relative of either domiciled in the same household." MCL 500.3109a(1).

> Here, plaintiff undisputedly does not fall within the category of individuals eligible for this exclusion. Accordingly, the statutory scheme plainly does not provide the option, after choosing the coverage level of $250,000 in MCL 500.3107c(1)(b), to then choose to exclude anyone from eligibility for PIP benefits other than "the person named in the policy, the spouse of the insured, and any relative of either domiciled in the same household." MCL 500.3109a(1).

> Returning to MCL 500.3114(6), there is no exclusion under MCL 500.3109a(2) that could apply with respect to the claim by plaintiff. Auto Club therefore is not excluded from the order of priority in MCL 500.3114(5) under MCL 500.3114(6). The trial court did not err by denying summary disposition in favor of Auto Club, and we affirm the trial court's ruling. [*Love*, ___ Mich App at ___; slip op at 15.]

Because we are bound by *Love*, we must likewise hold that plaintiff does not fall into the category of persons excluded by MCL 500.3109a(1). As a result, for the reasons stated in *Love*, ACIA was responsible for the payment of plaintiff's no-fault benefits because it is the insurer of the owner and operator of the motor vehicle involved in the vehicle-motorcycle accident. MCL 500.3114(5)(a)-(b). Thus, the trial court should have granted summary disposition in favor of State Farm and should not have granted summary disposition in favor of ACIA.

We reverse the order granting summary disposition against State Farm, reverse the order denying summary disposition against ACIA, and remand to the trial court for entry of an order granting summary disposition in favor of State Farm. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Kristina Robinson Garrett