DELTA ENGINEERED PLASTICS, LLC v
AUTOLIGN MANUFACTURING GROUP, INC

MOON ROOF CORPORATION OF AMERICA v
AUTOLIGN MANUFACTURING GROUP, INC

PROTO-PLASTICS, INC v AUTOLIGN MANUFACTURING
GROUP, INC

Docket Nos. 283786, 283787, and 283788. Submitted July 14, 2009, at
Detroit. Decided October 27, 2009, at 9:10 a.m.

Proto-Plastics, Inc., brought an action in the Monroe Circuit Court
against Autolign Manufacturing Group, Inc., seeking monetary
and injunctive relief as a result of Autolign's failure to pay for
plastic parts that Proto-Plastics produced for Autolign using
plastic injection molds owned by Autolign. Proto-Plastics also
asserted a statutory lien on the molds in its possession from which
it had produced the parts, under the molder's lien act, MCL
445.611 et seq. Delta Engineered Plastics, LLC, and Moon Roof
Corporation of America, shortly thereafter, brought separate simi-
lar actions in the circuit court against Autolign, seeking the same
remedies. Although the three lawsuits were never officially con-
solidated, the trial court, Joseph A. Costello, Jr., J., effectively
treated the matters as consolidated cases. Upon learning that
Wamco 34, Ltd., was a lender to Autolign and asserted a first-
priority lien and security interest with regard to substantially all
Autolign's assets, all the parties stipulated the addition of Wamco
as an intervening defendant. Wamco then filed countercomplaints
for claim and delivery, seeking possession of the molds and
permission to sell them and apply the proceeds to Autolign's
indebtedness to Wamco. The court eventually ruled that Wamco
established that it was a secured creditor with a security interest
that had priority over plaintiffs' possessory interest in the molds.
The court ordered that Wamco have possession of the molds and
authorized Wamco to sell them. The Court of Appeals denied
plaintiffs' claims of appeal and applications for leave to appeal the
trial court's order in unpublished orders, because the order
granting Wamco relief was not a final order. After the trial court
entered final consent judgments in favor of plaintiffs and against
Autolign, plaintiffs appealed and their appeals were consolidated.

The Court of Appeals *held*:

Pursuant to the Uniform Commercial Code, MCL 440.9333(2), plaintiffs' possessory liens provided for under the molder's lien act, MCL 445.618, have priority unless the molder's lien act provides otherwise. There is no express provision in the molder's lien act stating that an interest such as Wamco's has absolute, unequivocal priority over possessory liens such as plaintiffs' liens. Therefore, plaintiffs' possessory liens were entitled to priority over Wamco's interest in the molds. The trial court's order granting declaratory relief in favor of Wamco and possession of the molds and authority to sell them must be reversed and the cases must be remanded to the trial court for a determination of plaintiffs' damages and appropriate remedies.

Reversed and remanded.

LIENS — UNIFORM COMMERCIAL CODE — MOLDER'S LIENS — SECURITY INTERESTS.

The Uniform Commercial Code provides that a possessory lien on goods has priority over a security interest in the goods unless the possessory lien is created by a statute that expressly provides otherwise; the molder's lien act does not expressly provide that a possessory lien on any die, mold, or form in a molder's possession provided for under the act does not have priority over a security interest in any die, mold, or form (MCL 440.9333[2], 445.618).

*Schafer and Weiner, PLLC* (by *Daniel J. Weiner, Joseph K. Grekin,* and *Ryan Heilman*), for Proto-Plastics, Inc., Delta Engineered Plastics, LLC, and Moon Roof Corporation of America.

*Plunkett Cooney* (by *Douglas C. Bernstein* and *Kristen M. Netschke*) for Wamco 34, Ltd.

Before: OWENS, P.J., and SERVITTO and GLEICHER, JJ.

SERVITTO, J. Plaintiffs appeal as of right the trial court's order granting declaratory relief in favor of intervening defendant, Wamco 34, Ltd. (Wamco), and additionally granting Wamco possession of and authorization to sell plastic injection molds on the basis of the trial court's determination that Wamco had a priority interest in the molds. We reverse and remand.

Plaintiffs are in the plastic injection molding business. Defendant Autolign Manufacturing Group, Inc. (Autolign), is a plastic injection molder that produced parts for use in the automotive industry. Apparently, there was a fire at Autolign's business in late December 2006 or early January 2007, and Autolign was unable to continue producing parts. Autolign subcontracted its work, requesting that plaintiffs produce parts using molds owned by Autolign, and agreeing that Autolign would pay plaintiffs for the parts produced. Autolign delivered the various molds to plaintiffs and plaintiffs produced the parts. Autolign, however, failed to pay for all the parts produced. In April 2007, Autolign entirely ceased its operations.

Plaintiff Proto-Plastics, Inc., brought an action against Autolign claiming an account stated/open account, breach of the parties' contracts, and that Autolign was unjustly enriched by Proto-Plastics' manufacture and delivery of parts without payment from Autolign. Proto-Plastics also asserted a statutory lien on the molds in its possession, from which it produced the parts, under the molder's lien act, MCL 445.611 *et seq*. Proto-Plastics sought both monetary damages and injunctive relief. Plaintiffs Delta Engineered Plastics, LLC, and Moon Roof Corporation of America, shortly thereafter, filed similar complaints against Autolign. Although the three lawsuits were never officially consolidated, the trial court effectively treated the matters as consolidated cases.

Upon learning that Wamco was a lender to Autolign, and asserted a first-priority lien and security interest in substantially all Autolign's assets, all parties stipulated the addition of Wamco as an intervening defendant. Wamco filed countercomplaints in all three cases for claim and delivery, contending that plaintiffs were in

possession of molds that represented a portion of Auto-lign's assets used to secure repayment of its debt to Wamco, and that the molds were now Wamco's prop-erty. Wamco also sought a declaration that its interest in the molds, and its right to the proceeds from the sale of the same, was superior to the interests/rights of the plaintiffs. Wamco asked the trial court's permission to take possession of the molds, to sell the molds, and to apply the proceeds to Autolign's indebtedness to Wamco.

Wamco moved, in all three cases, for a declaration that it was entitled to the above-described relief. The trial court ruled that Wamco had established that it was a secured creditor of Autolign, and that Wamco's secu-rity interest had priority over the plaintiffs' possessory interest in the molds. The trial court ordered that Wamco was entitled to possess and to liquidate the molds.

Plaintiffs sought to appeal the above ruling in this Court, but the claims of appeal were dismissed for lack of jurisdiction, because the trial court's order granting Wamco's motion was not a final order, appealable as of right, unpublished orders of the Court of Appeals, entered August 1, 2007 (Docket Nos. 279621, 279622, and 279623). This Court also denied plaintiffs' applica-tions for leave to appeal, unpublished orders of the Court of Appeals, entered August 9, 2007 (Docket Nos. 279781, 279783, and 279786). After the trial court entered final consent judgments in favor of plaintiffs and against Autolign, these consolidated appeals, as of right, followed.

Although it was not termed as such, Wamco's motion before the trial court was essentially a motion for summary disposition. Wamco requested that the trial court grant all the relief requested in its countercom-

plaints and resolve all issues in favor of Wamco. After reviewing the pleadings and other relevant evidence, the trial court granted Wamco all its requested relief. Accordingly, we will review this matter as a grant of summary disposition in favor of Wamco, pursuant to MCR 2.116 (C)(10).

This Court reviews de novo a trial court's grant or denial of summary disposition under MCR 2.116(C)(10). *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). A motion brought under MCR 2.116(C)(10) tests the factual support for a claim. *Downey v Charlevoix Co Bd of Co Rd Comm'rs*, 227 Mich App 621, 625; 576 NW2d 712 (1998). The pleadings, affidavits, depositions, admissions, and any other documentary evidence submitted by the parties must be considered, in a light most favorable to the nonmoving party, when reviewing a motion brought under MCR 2.116(C)(10). *Id.* at 626.

The instant matters also involve issues of statutory interpretation, which we review de novo on appeal. *Gladych v New Family Homes, Inc*, 468 Mich 594, 597; 664 NW2d 705 (2003). In determining the meaning of a statute, the following rule applies:

> "The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature in enacting a provision. Statutory language should be construed reasonably, keeping in mind the purpose of the statute. The first criterion in determining intent is the specific language of the statute. If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the statute as written. However, if reasonable minds can differ regarding the meaning of a statute, judicial construction is appropriate." [*Gateplex Molded Products, Inc v Collins & Aikman Plastics, Inc*, 260 Mich App 722, 726; 681 NW2d 1 (2004), quoting *Rose Hill Ctr, Inc v Holly Twp*, 224 Mich App 28, 32; 568 NW2d 332 (1997) (citations omitted).]

Ownership rights in dies, molds, and forms is addressed in MCL 445.611 *et seq*. This act, 1981 PA 155, effective January 1, 1982, provides at MCL 445.618:

> A molder has a lien, dependent on possession, on any die, mold, or form in the molder's possession belonging to a customer for the amount due the molder from the customer for plastic fabrication work performed with the die, mold, or form. A molder may retain possession of the die, mold, or form until the amount due is paid.

There is no dispute that plaintiffs are molders, that they had possession of Autolign's molds, that they performed plastic fabrication work with the molds, and that Autolign failed to pay plaintiffs for their completed work. According to the above statutory provision, plaintiffs had a possessory lien on the molds until the amount due for their plastic fabrication work was paid.

In addition, there is no apparent dispute that Wamco also had an interest in the molds by virtue of a continuing collateral mortgage and a security agreement granting liens upon Autolign's real property and assets, and the assignment of all rights, title, and interest to the same to Wamco, executed in 2005. The essential issue in the instant cases concerns the interplay between the molder's lien act and the Uniform Commercial Code (UCC). This Court must determine whether the plaintiffs held the superior interest in the molds or the proceeds from the sale of the molds under the molder's lien act, or whether Wamco's UCC security interest had priority. There is no existing caselaw on the molder's lien act and this precise issue. The instant cases thus appear to present an issue of first impression in Michigan.

The parties agree that the Legislature set forth the UCC's lien priority scheme at MCL 440.9333, and that this statute is applicable to the instant cases. The statute provides:

(1) As used in this section, "possessory lien" means an interest, other than a security interest or an agricultural lien, that meets all of the following:

(a) It secures payment or performance of an obligation for services or materials furnished with respect to goods by a person in the ordinary course of the person's business.

(b) It is created by statute or rule of law in favor of the person.

(c) Its effectiveness depends on the person's possession of the goods.

(2) *A possessory lien on goods has priority over a security interest in the goods unless the lien is created by a statute that expressly provides otherwise.* [Emphasis added.]

The comment to this section states:

2. **"Possessory Liens."** This section governs the relative priority of security interests arising under this Article and "possessory liens," i.e., common-law and statutory liens whose effectiveness depends on the lienor's possession of goods with respect to which the lienor provided services or furnished materials in the ordinary course of its business. As under former Section 9-310, the possessory lien has priority over a security interest unless the possessory lien is created by a statute that expressly provides otherwise. If the statute creating the possessory lien is silent as to its priority relative to a security interest, this section provides a rule of interpretation that the possessory lien takes priority, even if the statute has been construed judicially to make the possessory lien subordinate.

It was the purpose of the UCC to prefer a service lien, common law or statutory, where the service provider retained possession of the goods, over a perfected security interest, except where the lien is statutory and the statute expressly provides otherwise. See, e.g., *Nickell v Lambrecht*, 29 Mich App 191; 185 NW2d 155 (1970).

Plaintiffs accurately state that pursuant to MCL 440.9333, their possessory liens provided for under the

molder's lien act have priority unless the molder's lien act expressly provides otherwise. According to plaintiffs, because the molder's lien act does not expressly grant priority to any other interest, their liens are first in priority.

Wamco argues, however, that the molder's lien act specifically grants priority to holders of prior liens, such as itself. Wamco contends that the Legislature intended molder's liens to be inferior to the interests of a secured creditor. Wamco relies on the Molder's Lien Act at MCL 445.618d(1):

> If the sale is for a sum greater than the amount of the lien, *the proceeds shall first be paid to the prior lienholder who has a perfected lien in an amount sufficient to extinguish that interest.* Any excess shall next be paid to the molder who possesses a lien under this act in an amount sufficient to extinguish that interest. Any remainder shall then be paid to the customer. [Emphasis added.]

Wamco contends that because, according to the plain language of the above statute, the proceeds from the sale of molds are first paid to satisfy a prior claim of a holder of a perfected lien, a secured creditor such as itself has the priority interest.

However, the statutes preceding MCL 445.618d(1) must be considered in order to provide context and to give meaning to all the statutory provisions. MCL 445.618, as previously quoted, sets forth the molder's right to a lien on a mold. Before a molder can enforce a lien afforded pursuant to MCL 445.618, MCL 445.618a requires written notice of the claim of lien be provided to the customer. MCL 445.618b goes on to provide that if the molder has not been paid the amount due within 90 days after the notice was received by the customer, the molder may sell the mold at public auction, if the molder still possesses the

mold and if the molder has complied with MCL 445.618c. MCL 445.618c(1) provides, in relevant part:

> Before a molder may sell the die, mold, or form, the molder shall notify, by registered mail, return receipt requested, the customer *and any person whose security interest is perfected by filing*. [Emphasis added.]

It is only then that we look to MCL 445.618d, which refers to "the sale" by a *molder* in possession of a mold, seeking to recover the amount due the molder from a customer for plastic fabrication work performed using the mold. If read in context, MCL 445.618d provides that if the sale of a mold by a molder with a possessory lien is for a sum greater than the amount due the holder of the possessory lien, the proceeds from the mold's sale shall first be paid to a holder of a prior perfected lien in an amount sufficient to extinguish the interest of the holder of the prior perfected lien. Once the interest of the holder of the perfected lien is extinguished, any remaining funds shall be paid to the molder who possesses a lien pursuant to the molder's lien act, in an amount sufficient to extinguish the lien.

We conclude that MCL 445.618d only applies if a molder sells the mold, and only if the sale is for a sum greater than the amount due to the molder for the unpaid product. In the situation before us, however, MCL 445.618d was not triggered. Instead, Wamco took possession of the molds, pursuant to the trial court's order, and apparently sold the molds. Accordingly, MCL 445.618d is inapplicable to the present facts and can provide no basis for Wamco's claim of priority.

Moreover, while Wamco urges this Court to interpret MCL 445.618d as providing that Wamco's security interest has priority over plaintiffs' possessory liens, the molder's lien act that created the possessory lien does not "expressly" provide the same. Once again,

MCL 440.9333(2) clearly states, "A possessory lien on goods has priority over a security interest in the goods unless the lien is created by a statute that *expressly* provides otherwise." (Emphasis added.) In the instant matters, the possessory molders' liens are created by statute, however, the provision in the molder's lien act relied on by Wamco simply sets forth the distribution of any proceeds following *the sale of a mold by a molder*. As noted in *Gateplex Molded Products, supra* at 727, "MCL 445.618d [of the molder's lien act] discusses the distribution of the sale proceeds upon the sale of the mold, including giving the excess of the proceeds to the customer." Because MCL 440.9333(2) is controlling, and there is no express provision in the molder's lien act stating that an interest such as Wamco's has absolute, unequivocal priority over possessory liens such as plaintiffs', plaintiffs' possessory liens were entitled to priority over Wamco's interest in the molds.

The parties spend a considerable amount of time debating whether there is a distinction between a lien and a security interest for purposes of their statutory interpretations. Specifically, plaintiffs assert that even if MCL 445.618d were to be interpreted as Wamco contends (i.e., placing the interest of a holder of a prior perfected lien in a priority position over the interest of a holder of a possessory lien), Wamco was still not entitled to its requested relief because Wamco was not a lienholder, as specified in MCL 445.618d. According to plaintiffs, because Wamco's interest was created by a security agreement, its interest was a security interest—which is distinct from a lien. Wamco responds that the distinction makes no difference in this case because, either way, it was entitled to priority.

Because we decline to read MCL 445.618d as "expressly" stating that the interest of a holder of a prior

perfected lien is superior to that of the holder of a possessory lien, we need not determine whether Wamco's interest in the molds was a security interest or a lien, or whether there is a distinction between the two under the relevant statutes. There is no need to address any distinction because Wamco relies entirely on MCL 445.618d as the basis for its claim to priority.

Reversed and remanded to the trial court for a determination of plaintiffs' damages and appropriate remedies. Plaintiffs, being the prevailing parties, may tax costs pursuant to MCR 7.219. We do not retain jurisdiction.