DAWSON v FARM BUREAU MUTUAL INSURANCE COMPANY
OF MICHIGAN

Docket No. 296790. Submitted May 3, 2011, at Detroit. Decided August
16, 2011, at 9:10 a.m.

Timothy Dawson brought an action in Tuscola Circuit Court against
his no-fault insurer Farm Bureau Mutual Insurance Company of
Michigan, seeking to recover underinsured-motorist benefits.
Plaintiff was a passenger in an automobile driven by Catrina
Olinger on June 10, 2006, when the automobile struck a bridge
abutment. Plaintiff had initially sued Olinger for negligence and
also named Farm Bureau as a defendant on the basis that it had
refused to pay him underinsured-motorist benefits as provided in
his policy. Plaintiff dismissed Farm Bureau from the action against
Olinger after Farm Bureau moved for summary disposition on the
ground that the insurance policy prohibited suit for underinsured-
motorist benefits until plaintiff had exhausted all other available
judgments or settlements. Olinger stipulated the amount of plain-
tiff's requested damages, $100,000, and did not challenge plain-
tiff's claim that she was negligent or that he suffered a serious
impairment of an important body function. Olinger's policy cov-
ered the first $20,000 of the judgment, but Olinger was unable to
pay the $80,000 remainder. Plaintiff moved for summary disposi-
tion in the instant action, arguing that Farm Bureau was collat-
erally estopped from denying underinsured-motorist coverage for
the accident because liability and damages were litigated in the
prior action. The court, Patrick R. Joslyn, J., granted plaintiff's
motion for summary. Defendant appealed.

The Court of Appeals held:

Insurance policies are subject to the same contract construc-
tion principles as any other type of contract. Unambiguous con-
tract provisions are not open to judicial construction and must be
enforced according to their unambiguous terms unless to do so
would violate the law or one of the traditional defenses to the
enforceability of a contract applies. Underinsurance automobile
insurance protection is not required by law, so its scope, coverage,
and limitations are governed by the insurance contract and the
laws pertaining to contracts. The policy provided that for purposes

of underinsured-motorist coverage, Farm Bureau would not be bound by any prior judgment or settlement made without its written consent. The trial court erred by failing to enforce this unambiguous provision.

Reversed and remanded for further proceedings.

INSURANCE — NO-FAULT-UNDERINSURED- AND UNINSURED-MOTORIST BENEFITS — INTERPRETATION OF POLICIES.

Insurance policies are subject to the same contract construction principles as any other type of contract; unambiguous contract provisions are not open to judicial construction, and must be enforced according to their unambiguous terms unless to do so would violate the law or one of the traditional defenses to the enforceability of a contract applies; a court may not modify or refuse to enforce the provisions based on a judicial determination of reasonableness; underinsurance automobile insurance protection, such as uninsured- or underinsured-motorist coverage, is not required by law, so its scope, coverage, and limitations are governed by the insurance contract and the laws pertaining to contracts.

*Boyer & Dawson, P.C.* (by *William G. Boyer* and *William G. Boyer, Jr.*), for plaintiff.

*Willingham & Coté, P.C.* (by *Anthony S. Kogut* and *Leon J. Letter*), for defendant.

Before: SAAD, P.J., and JANSEN and K. F. KELLY, JJ.

SAAD, P.J. Defendant, Farm Bureau Mutual Insurance Company of Michigan, appeals the trial court's order that granted summary disposition to plaintiff. For the reasons set forth in this opinion, we reverse and remand for further proceedings.

## I. NATURE OF THE CASE

Plaintiff, Timothy Dawson, asserts a contractual right to have his automobile insurance carrier, Farm Bureau, pay for a judgment entered in his prior lawsuit against the driver of the vehicle in which he was a

passenger and wherein he sustained various injuries. In that lawsuit, the driver's automobile insurance carrier, Auto-Owners Insurance Company, did not vigorously defend questions of liability or serious impairment of body function and stipulated the amount of damages requested by plaintiff. The driver's policy limit amounted to only 20 percent of the judgment, and although Farm Bureau did not participate in the prior litigation, the trial court, nonetheless, ruled that Farm Bureau must pay plaintiff $80,000 in underinsured-motorist benefits because issues of liability and damages were litigated in the prior proceeding.

## II. FACTS AND PROCEEDINGS

On June 10, 2006, plaintiff was a passenger in the backseat of a vehicle driven by Catrina Olinger when the vehicle struck a bridge abutment. Plaintiff sustained injuries when he was ejected from his seat and crashed through the windshield of the car. Plaintiff sued Olinger for negligence and also named Farm Bureau as a defendant. Plaintiff had an automobile insurance policy through Farm Bureau that contained an underinsured-motorist provision, and plaintiff claimed that Farm Bureau had refused to pay him benefits. Thereafter, plaintiff dismissed Farm Bureau from the lawsuit after Farm Bureau moved for summary disposition and argued that, under the policy, the insured may not sue Farm Bureau for underinsured-motorist benefits until the insured has exhausted all other available judgments or settlements. Plaintiff sued Farm Bureau again, but again dismissed the action because, at the time, he had not obtained a judgment against Olinger.

Though it appears that Olinger's insurer wanted to settle the case for Olinger's policy limit of $20,000,

plaintiff's insurance policy with Farm Bureau required that it approve any settlement, which Farm Bureau declined to do. Therefore, plaintiff's case against Olinger went to trial. The trial lasted 29 minutes and merely consisted of plaintiff's testimony and his submission of medical records to the court. Olinger did not challenge plaintiff's claim that she was negligent or that plaintiff suffered a serious impairment of an important body function. Olinger also stipulated the amount of plaintiff's requested damages, $100,000. The trial court ruled in plaintiff's favor and awarded him $100,000.

Plaintiff then filed this action against Farm Bureau for underinsured-motorist benefits. Olinger signed asset interrogatories stating that she has no nonexempt assets from which plaintiff can collect the remaining $80,000 after her insurance company, Auto-Owners, covered the first $20,000 of the judgment. On August 24, 2009, plaintiff moved for summary disposition, arguing that Farm Bureau is collaterally estopped from denying underinsured-motorist coverage for the accident because the issues of liability and damages were litigated in the prior action. In response, Farm Bureau argued that, under the plain terms of the policy, it is not bound by prior judgments or settlements to which it did not agree in writing. Farm Bureau further asserted that, because it was not a party to the litigation against Olinger, it should not be collaterally estopped from asserting any available defenses in this action.

The trial court granted plaintiff's motion for summary disposition and ruled that Farm Bureau was estopped from relitigating issues of liability or damages in this case. It reasoned that those issues were litigated in the case against Olinger and Farm Bureau could have participated in that action, but chose to not do so.

III. DISCUSSION

We hold that the trial court erred by failing to enforce the unambiguous contractual provision in the policy that expressly stated that, for purposes of underinsured-motorist coverage, Farm Bureau is not bound by any judgment unless it gives written consent. Under the plain language of the policy, Farm Bureau may raise any available defenses in this action.

Plaintiff brought his motion for summary disposition under MCR 2.116(C)(7), (9), and (10).[1] "We review a trial court's decision on a motion for summary disposition de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law." *Auto-Owners Ins Co v Martin*, 284 Mich App 427, 433; 773 NW2d 29 (2009). This case involves the interpretation of plaintiff's insurance policy with Farm Bureau. "[I]nsurance policies *are* subject to the same contract construction principles that apply to any other species of contract." *Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005). Therefore, "unless a contract provision violates law or one of the traditional defenses to the enforceability of a contract applies, a court must construe and apply unambiguous contract provisions as written." *Id.*

---

[1] Summary disposition under MCL 2.116(C)(7) is proper when a claim is barred by a prior judgment. Pursuant to MCR 2.116(C)(9), a trial court should grant summary disposition if the party opposing the action has failed to state a valid defense. And as this Court explained in *Delta Engineered Plastics, LLC v Autolign Mfg Group, Inc*, 286 Mich App 115, 119; 777 NW2d 502 (2009),

[a] motion brought under MCR 2.116(C)(10) tests the factual support for a claim. *Downey v Charlevoix Co Bd of Co Rd Comm'rs*, 227 Mich App 621, 625; 576 NW2d 712 (1998). The pleadings, affidavits, depositions, admissions, and any other documentary evidence submitted by the parties must be considered, in a light most favorable to the nonmoving party, when reviewing a motion brought under MCR 2.116(C)(10). *Id.* at 626.

The insurance policy specifically states that Farm Bureau "will not be bound by any judgments for damages or settlements made without [Farm Bureau's] written consent." Like uninsured-motorist benefits, underinsured-motorist coverage is not required by Michigan law, and the terms of coverage are controlled by the language of the contract itself, not by statute. As the Michigan Supreme Court explained in *Rory*, "[u]ninsured motorist coverage is optional—it is not compulsory coverage mandated by the no-fault act. Accordingly, the rights and limitations of such coverage are purely contractual . . . ." *Rory*, 473 Mich at 465-466 (citation omitted).

> Underinsurance automobile insurance protection is not required by law and therefore is optional insurance offered by some, but not all, Michigan automobile insurance companies. Because such insurance is not mandated by statute, the scope, coverage, and limitations of underinsurance protection are governed by the insurance contract and the law pertaining to contracts. *Auto-Owners Ins Co v Leefers*, 203 Mich App 5, 10-11; 512 NW2d 324 (1993). As the Supreme Court stated in *Rohlman v Hawkeye-Security Ins Co*, 442 Mich 520, 524-525; 502 NW2d 310 (1993), regarding substantially similar uninsured motorists benefits:
>
> "PIP [personal protection insurance] benefits are mandated by statute under the no-fault act, MCL 500.3105, and, therefore, the statute is the 'rule book' for deciding the issues involved in questions regarding awarding those benefits. On the other hand, the insurance policy itself, which is the contract between the insurer and the insured, controls the interpretation of its own provisions providing benefits not required by statute. Therefore, because uninsured motorist benefits are not required by statute, interpretation of the policy dictates under what circumstances those benefits will be awarded." [*Mate v Wolverine Mut Ins Co*, 233 Mich App 14, 19-20; 592 NW2d 379 (1998) (citation omitted).]

Again, it is "[a] fundamental tenet of our jurispru-
dence . . . that unambiguous contracts are not open to
judicial construction and must be *enforced as written*."
*Rory*, 473 Mich at 468. Further, "[a] mere judicial
assessment of 'reasonableness' is an invalid basis upon
which to refuse to enforce contractual provisions." *Id.*
at 470. The reason is clear: It is not the province of the
judiciary to rewrite contracts to conform to the court's
liking, but instead to enforce contracts as written and
agreed to by the parties.

As stated, the policy language is unambiguous and
clearly provides that plaintiff cannot hold Farm Bureau
to any prior judgment without Farm Bureau's express
consent. Though plaintiff complains that he tried to
involve Farm Bureau in the litigation against Olinger,
the policy is also clear that Farm Bureau cannot be sued
for underinsured-motorist benefits unless and until
other payments or judgments are exhausted. Simply
stated, plaintiff is contractually precluded from con-
tending that the tort judgment against Olinger entitles
him to collect underinsured-motorist benefits from
Farm Bureau.

The policy provisions at issue are intended to ensure
that Farm Bureau is not embroiled in litigation before
there has been a determination that the responsible
driver is actually underinsured and to preserve Farm
Bureau's right to litigate issues of liability and dam-
ages. This case is a good example of why an insurer
would include such terms for this optional coverage.
Here, for whatever reason, the driver's insurer chose
not to contest in any serious way issues of liability or
damages. Because its exposure was only $20,000, the
driver's insurer also had no incentive to challenge
plaintiff's requested damages of $100,000. Without the
disputed policy language here, Farm Bureau might be

bound to pay $80,000 of that judgment with no meaningful opportunity to litigate any of the issues that bear on its obligation to pay benefits. The trial court incorrectly ignored the language of the policy, language to which plaintiff agreed when entering into the contract. Clearly, because the court should have applied the language as written, the trial court erred by granting summary disposition to plaintiff.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

JANSEN and K. F. KELLY, JJ., concurred with SAAD, P.J.