# STATE OF MICHIGAN

# COURT OF APPEALS

BRYAN F. LaCHAPELL, Individually and as Personal Representative of the ESTATE OF KARIN MARIE LaCHAPELL,

Plaintiff-Appellant,

v

HOME-OWNERS INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
May 24, 2016

No. 326003
Marquette Circuit Court
LC No. 13-051543-NF

Before: GLEICHER, P.J., and SAWYER and M. J. KELLY, JJ.

PER CURIAM.

After it granted partial summary disposition in favor of defendant, the trial court dismissed plaintiff's breach-of-contract claim. Plaintiff appeals as of right, claiming he is entitled to benefits pursuant to an insurance contract issued by defendant. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff averred that on July 4, 2012, he and his wife, Karin LaChapell, were walking across a street when a car struck them both. As a result of the accident, plaintiff suffered serious injuries; Karin was killed. Plaintiff asserted the driver held an insurance policy with Progressive Insurance Company, but the policy limits ($100,000 per person and $300,000 per occurrence) were less than the amount of damages he and Karin sustained. Accordingly, payment was sought from defendant, who provided automobile insurance coverage to Finn Specialties, Inc. Touch of Finland, which is plaintiff's employer. The policy covered a 2007 Silverado pickup truck owned by Finn Specialties and listed plaintiff as a scheduled driver. The Silverado was not involved in the accident. The Underinsured Motorist (UIM) Coverage provision in the policy states, in relevant part, as follows:

2. COVERAGE

a. We will pay compensatory damages, including but not limited to loss of consortium, any person is legally entitled to recover from the owner or operator of an underinsured automobile because of bodily injury sustained by an injured

-1-

person while occupying an automobile that is covered by SECTION II – LIABILITY COVERAGE of the policy.

b. If the first named insured in the Declarations is an individual, this coverage is extended as follows:

(1) We will pay compensatory damages, including but not limited to loss of consortium, you are legally entitled to recover from the owner or operator of an underinsured automobile because of bodily injury you sustain:

(a) when you are not occupying an automobile that is covered by SECTION II – LIABILITY COVERAGE of the policy; or

(b) when occupying an automobile you do not own which is not covered by SECTION II – LIABILITY COVERAGE of the policy.

(2) The coverage extended in 2.b.(1) immediately above is also extended to a relative who does not own an automobile.

As plaintiff and Karin were not in the covered vehicle when they suffered bodily injury, plaintiff contends that defendant must pay benefits pursuant to § 2(b)(1)(a).

The insurance policy also contains an endorsement entitled, "Broadened Coverage for Named Individuals – Drive Other Cars." This endorsement provides coverage when the named insured is driving vehicles not covered by the policy, although it does not apply to vehicles that he owns, or leases, or rents for longer than 90 days. The named insured is plaintiff. The endorsement also extends this coverage to Karin. The endorsement extends the same policy provisions that cover the 2007 Silverado. The endorsement states that as used therein, "you" and "your" mean plaintiff ("you") and Karin ("your").

Both parties moved for summary disposition. Plaintiff argued that the broadened coverage endorsement made him and Karin named insureds in the insurance. Because they are named insureds, he argued, defendant is required to provide benefits. Defendant countered that the broadened coverage endorsement did not make plaintiff and Karin first named insureds, and that the specific language of the policy provides that defendant is only required to pay UIM benefits to an injured pedestrian if the pedestrian is a first named insured.

The trial court granted defendant's motion for partial summary disposition. Looking to the broadened coverage endorsement, the court concluded that the endorsement did not change the prerequisite that, to collect UIM benefits, an injured pedestrian must be a first named insured. It found that Finn Specialties remained the named insured for purposes of the endorsement. The endorsement, the court found, extends coverage to scheduled drivers when they occasionally use other vehicles. Accordingly, the court determined that defendant is not required to compensate plaintiff pursuant to the underinsured motorist coverage.

## II. ANALYSIS

We review de novo the interpretation and application of an insurance contract and a trial court's ruling on a summary disposition motion. *Travelers Prop Cas Co of America v Peaker Servs, Inc*, 306 Mich App 178, 184; 855 NW2d 523 (2014).

A motion under MCR 2.116(C)(10) "tests the factual support for a claim and should be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 280; 807 NW2d 407 (2011). In deciding a summary disposition motion, the trial court should look to "the pleadings, affidavits, depositions, admissions, and other documentary evidence," considering them in the light most favorable to the opposing party. *Id*.

### A. NAMED INSURED

Owners or registrants of motor vehicles are not required to obtain UIM benefits through their insurance policy; such benefits are optional under the no-fault act, MCL 500.3101 *et seq. Dawson v Farm Bureau Mut Ins Co of Mich*, 293 Mich App 563, 568; 810 NW2d 106 (2011). Thus, "the terms of coverage are controlled by the language of the contract itself, not by statute." *Id*. If the terms of the contract are unambiguous, this Court must enforce those terms as written. *Rory v Continental Ins Co*, 473 Mich 457, 468; 703 NW2d 23 (2005).

Plaintiff seeks payment from defendant under the UIM coverage provision set forth in the insurance policy. Pursuant to this provision, defendant is required, in certain situations, to provide benefits to the insured if the insured is entitled to recover from an underinsured owner or operator of a motor vehicle. Under the policy, an underinsured vehicle is a vehicle that is insured as required by law, but the liability limits of the insurance policy "are less than the amount of damages the injured person is legally entitled to recover." For example, the policy provides damages to any person who, as a result of an accident with an underinsured motorist, sustained bodily injury when occupying the covered vehicle.

At issue here is the provision that UIM benefits are available to the insured stemming from accidents when the insured was not occupying the covered vehicle, where "the first named insured in the Declarations is an individual." The first named insured on this policy is Finn Specialties—not plaintiff or Karin. Thus, the UIM coverage provision does not apply to plaintiffs because they were not the first named insured.

### B. BROADENED COVERAGE ENDORSEMENT

The endorsement states that for purposes of the endorsement, "you" and "your" refer to plaintiff and Karin and that "[t]he individual named insured coverage provisions of each coverage shown in the Declarations as applying to the **automobile** to which this endorsement applies extend to **you** or a **relative."** The declarations list UIM coverage under the policy. Thus, that coverage extends to plaintiff and Karin.

Plaintiff argues that according to the terms of the Broadened Coverage endorsement, defendant must pay damages pursuant to § 2.b(1)(a) of the UIM coverage. The word "you" is

used in this provision. But the provision still requires that the first named insured in the Declarations be an individual. Again, § 2(b)(1)(a) of the UIM coverage provision provides as follows:

**b.** If the first named insured in the Declarations is an individual, this coverage is extended as follows:

**(1) We** will pay compensatory damages, including but not limited to loss of consortium, **you** are legally entitled to recover from the owner or operator of an **underinsured automobile** because of **bodily injury you** sustain:

**(a)** when **you** are not **occupying** an **automobile** that is covered by **SECTION II – LIABILITY COVERAGE** of the policy . . . .

Although the pronoun "you" is employed, it refers to the identified entity immediately preceding it in the subsection, i.e., "the first named insured in the Declarations," but only where the first named insured "is an individual." The first named insured, indeed the only named insured, in the declarations is Finn Specialties. The definition of "you" found in the broadened coverage provision does not supplant this delineation. The endorsement merely applies the insurance policy to plaintiffs in situations when they drive other cars. Further, the UIM coverage provision does not provide damages to anyone that is injured while not occupying a covered vehicle—for instance if they are a pedestrian—unless they are the first named insured.

Plaintiff also argues that if § 2.b(1)(b) of the UIM coverage provision applies to him and Karin, then § 2.b(1)(a) must apply also. But § 2.b(1)(b) does not provide coverage to plaintiff and Karin. This provision is also preceded by the qualifying phrase, "If the first named insured in the Declarations is an individual," thus precluding coverage for the reasons stated above.

The only portion of the UIM coverage provision that would cover plaintiff and the decedent is § 2.a., which provides coverage to any person that suffers bodily injury while occupying a covered vehicle. However, they were not occupying the vehicle listed by the policy—the 2007 Silverado—or any other vehicle that the endorsement extended coverage to at the time of the accident.

## C. FINN SPECIALTIES

Plaintiff claims that Finn Specialties does not have an insurable interest in the UIM coverage, and, therefore, the only reason this coverage was included in the policy was to cover plaintiff and Karin pursuant to the Broadened Coverage endorsement. If this was not the case, plaintiff argues, then Finn Specialties is paying a premium for UIM coverage but receiving no benefit, rendering it meaningless.

Plaintiff cites *Corwin v Auto Club Ins Ass'n*, 296 Mich App 242; 819 NW2d 68 (2012), for the proposition that the company cannot have an insurable interest in bodily-injury benefits of an insurance policy. *Corwin* explains that the named insured of an insurance policy must have an "insurable interest" in the policy, *id.* at 257, and "[a] policy is void when there is not an insurable interest," *id.* at 258. An insurance policy in which the insured does not have an interest may create in the insured an "unacceptable temptation to commit wrongful acts to obtain

payment." *Morrison v Secura Ins*, 286 Mich App 569, 572; 781 NW2d 151 (2009). An insurable interest can arise from "any kind of benefit from the thing so insured or any kind of loss that would be suffered by its damage or destruction." *Id.* at 572-573.

In *Corwin*, the defendant company leased a vehicle to the plaintiff but maintained an insurance policy listing the company as the named insured. *Corwin*, 296 Mich App at 248-249. This Court found that the defendant did not have an insurable interest in the insurance policy because it did not own the vehicle, it did not "maintain, operate or use the vehicle to give rise to liability," it did not derive any benefit from the insured vehicle, and it would not suffer any loss if the vehicle was damaged or destroyed. *Id.* at 258-260.

Unlike the defendant in *Corwin*, Finn Specialties did own the covered vehicle. As the *Corwin* Court explained, "Owners and registrants have an insurable interest in their motor vehicles because the no-fault act requires owners and registrants to carry no-fault insurance and MCL 500.3102(2) makes it a misdemeanor to fail to do so." *Id.* at 258. But because there is no statute that requires an owner and registrant to carry underinsured-motorist benefits, plaintiff argues that Finn Specialties does not have an insurable interest in the UIM coverage of the policy.

Plaintiff's argument seems to rest on the *Corwin* Court's conclusion that the defendant "lack[ed] any insurable interest flowing from protection of a person's 'health and well-being' because they cannot suffer accidental bodily injury." *Id.* at 259. But the defendant did not have any connection to the plaintiffs or the vehicle in *Corwin*, other than that the plaintiffs qualified for a lease program because one plaintiff was a retiree of the defendant company. In this case, Finn Specialties owned the vehicle and the primary driver of the vehicle was its employee. As defendant argues, it seems logical that a company has an insurable interest in providing coverage to employees who are injured while occupying the company's vehicle.

And the conclusion in *Corwin* that the defendant did not have an insurable interest in the policy was based on the fact that it could not show any way that it derived a benefit from the insurance policy. In this case, it is clear that Finn Specialties did derive a benefit and have an insurable interest in the insurance policy because it was the owner and registrant of the covered vehicle.

According to the plain reading of the policy, defendant is not required to pay plaintiff damages for injuries sustained by him and Karin in the accident at issue. The trial court correctly granted summary disposition to defendant on this issue.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ David H. Sawyer
/s/ Michael J. Kelly

-5-