# STATE OF MICHIGAN

# COURT OF APPEALS

GINA BUCHMAN,

        Plaintiff-Appellee,

v

MEMBERSELECT INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
August 11, 2016

No. 326838
Oakland Circuit Court
LC No. 2014-140109-CK

Before: MURPHY, P.J., and STEPHENS and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] an order denying defendant's motion for summary disposition in this no-fault action. We reverse.

## I. BACKGROUND

This case arises out of injuries sustained by plaintiff, on October 15, 2013, at approximately 10:00 p.m., when she was involved in a single car accident on M-59. Plaintiff was traveling home in her vehicle on eastbound M-59 when she encountered an object that appeared to be "a deer wrapped in a tarp." Plaintiff swerved to avoid the object, but ultimately lost control of her vehicle, struck the object, and crashed head-on into a concrete barrier. Plaintiff sustained two herniated discs—one in her neck and one in her back—as a result of the accident.

Victoria Gill, an eyewitness who was traveling behind plaintiff's vehicle on eastbound M-59, observed plaintiff "lose control of her car going back and forth and then [crash] into the median." Gill stated that she stopped to offer assistance to plaintiff, and plaintiff's first words to Gill were, "did you see that deer?" Gill did not see a tarp or any other object in the highway. At some point, an unidentified man arrived at the scene. He asked plaintiff if she was okay, and stated that he had seen the tarp and wanted to turn around to get if off the highway before it caused an accident. Neither Gill nor plaintiff saw the man remove anything from the highway.

---

[1] *Buchman v MemberSelect Ins Co*, unpublished order of the Court of Appeals, entered October 7, 2015 (Docket No. 326838).

Oakland County Sheriff Deputy Derek Myers arrived at the scene at approximately 10:15 p.m. Myers did not see a tarp on the highway when he arrived and confirmed that plaintiff was involved in a single car accident. Plaintiff filed an uninsured motorist claim with defendant after the accident, which defendant subsequently denied for the reason that plaintiff's vehicle did not come in "direct physical contact" with an uninsured motorist's vehicle.

## II. STANDARDS OF REVIEW

We review a trial court's grant or denial of a summary disposition motion de novo. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). Defendant brought its motion under MCR 2.116(C)(8) and MCR 2.116(C)(10), but the trial court did not expressly identify the legal grounds on which it denied defendant's motion for summary disposition. However, because it is clear that, in reaching its decision, the trial court considered documentation beyond the pleadings, we review the motion under the standard of MCR 2.116(C)(10). See *Besic v Citizens Ins Co of the Midwest*, 290 Mich App 19, 23; 800 NW2d 93 (2010).

A motion under MCR 2.116(C)(10) tests the factual support for a claim, *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004), and should be granted as a matter of law when "there is no genuine issue as to any material fact," MCR 2.116(C)(10). A genuine issue of material fact exists when, after viewing the evidence in a light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). This Court reviews the pleadings, affidavits, depositions, admissions, and other evidence submitted by the parties in a light most favorable to the nonmoving party. *Walsh*, 263 Mich App at 621.

Additionally, the construction and interpretation of whether insurance policy language is considered ambiguous is reviewed de novo as a matter of law. *Dancey v Travelers Prop Cas Co*, 288 Mich App 1, 7; 792 NW2d 372 (2010).

## III. ANALYSIS

Defendant's sole argument is that the trial court erred in denying its motion for summary disposition because no genuine issue of material fact exists regarding whether plaintiff or plaintiff's vehicle made "direct physical contact" with an uninsured motorist's vehicle as required under the uninsured motorist provision of the insurance policy issued by defendant. We agree.

In Michigan, "[u]ninsured motorist coverage is optional—it is not compulsory coverage mandated by the no-fault act." *Rory v Continental Ins Co*, 473 Mich 457, 465; 703 NW2d 23 (2005). As such, the rights and limitations of uninsured motorist coverage are purely contractual in nature. *Id.* "Insurance policies are contracts and, in the absence of an applicable statute, are subject to the same contract construction principles that apply to any other species of contract." *Titan Ins Co v Hyten*, 491 Mich 547, 554; 817 NW2d 562 (2012) (quotation marks and citation omitted). Because uninsured motorist coverage is optional and the policy itself controls, "interpretation of the policy dictates under what circumstances those benefits will be awarded." *Dawson v Farm Bureau Mutual Ins Co of Mich*, 293 Mich App 563, 568; 810 NW2d 106 (2011)

(citation omitted). "Policy language should be given its plain and ordinary meaning, and this Court must construe and apply unambiguous terms as written," *Wells Fargo Bank, NA v Null*, 304 Mich App 508, 519; 847 NW2d 657 (2014), unless the provision violates the law or public policy, *Rory*, 473 Mich at 461. "A contract is unambiguous, even if inartfully worded or clumsily arranged, when it fairly admits of but one interpretation." *McCoig Materials, LLC v Galui Const, Inc*, 295 Mich App 684, 694; 818 NW2d 410 (2012) (citation omitted).

In this case, the uninsured motorist provision at issue provides that defendant will pay the insured benefits where the insured suffers bodily injury which: "(a) is caused by accident; and (b) arises out of the ownership, operation, maintenance or use of an **uninsured motor vehicle**; and (c) that **insured person** suffers death, serious impairment of body function or permanent serious disfigurement; and (d) that **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle**." Further, the provision defines an "uninsured motor vehicle" as a motor vehicle that is "(a) not insured by an owner's or operator's **bodily injury** [policy], [or] . . . (b) a hit-and-run **motor vehicle** of which the operator and owner are unknown and which makes *direct physical contact* with" the insured, a resident relative of the insured, or a motor vehicle occupied by the insured. (Emphasis added.)

This Court recently addressed the interpretation of "direct physical contact" in the context of an uninsured motorist provision in *McJimpson v Auto Club Group Ins Co*, ___ Mich App___; ___ NW2d ___ (2016) (Docket No. 320671). In *McJimpson*, the plaintiff swerved to avoid a piece of metal that flew off of an unidentified motorist's vehicle. *Id*. at ___; slip op at 1. The plaintiff's vehicle never came in contact with the unidentified motorist's vehicle and the driver of the unidentified motorist vehicle never stopped. *Id*. The plaintiff was "entitled to claim uninsured motorist benefits if the vehicle that caused her injuries met the contractual definition of an 'uninsured motor vehicle.'" *Id*.; slip op at 1-2. In *McJimpson*, the provision defining what an uninsured motor vehicle is stated: "a hit-and-run **motor vehicle** of which the operator and owner are unknown and which makes *direct physical contact* with: (1) **you** or a **resident relative**, or (2) a **motor vehicle** which an **insured person** is **occupying**." *Id*.; slip op at 2.

The plaintiff argued that she was covered under the policy because "the policy language unambiguously provided coverage" and even if the court considered the language ambiguous, the language "should be interpreted in favor of the insured." *Id*. The defendant countered arguing that the plaintiff was not entitled to uninsured motorist benefits because "the phrase 'direct physical contact' is not ambiguous, and the undisputed facts demonstrate that the unidentified semi-truck driver never made 'direct physical contact' with [the] plaintiff's vehicle." *Id*. at ___; slip op at 3. The *McJimpson* Court held that plaintiff's uninsured motorist coverage was not triggered because the provision was written "more narrowly, providing for coverage only where the unidentified vehicle makes 'direct contact' with the insured or her vehicle" and that requirement was not met. *Id*.; slip op at 5. The Court reasoned that the policy language was unlike previous cases dealing with propelled objects implicating the substantial physical nexus test because the provision actually required "direct contact" between the uninsured motorist vehicle and the plaintiff or the plaintiff's vehicle. *Id*.

The present case is analogous to *McJimpson*. The policy language considered in *McJimpson* is identical to the provision at issue in the present case. Additionally, much like the plaintiff in *McJimpson*, plaintiff never struck another motor vehicle when she swerved to avoid

what she thought was a "deer wrapped in a tarp." Not only was there no evidence presented that plaintiff actually saw the tarp fall from an unidentified vehicle, but plaintiff admitted that no other vehicle was involved in the accident. Moreover, Gill testified that plaintiff was the only vehicle involved in the accident. Further, Myers confirmed that plaintiff was involved in a single car accident. Therefore, it is undisputed that plaintiff's vehicle did not make "direct physical contact" with another motor vehicle. Because plaintiff did not make "direct physical contact" with an unidentified "hit-and-run vehicle," plaintiff's is not subject to uninsured motorist coverage under the policy issued by defendant. Accordingly, the trial court erred when it denied defendant's motion for summary disposition.

With respect to plaintiff's request that this Court consider ordering arbitration regarding the trial court's denial of plaintiff's motion to counsel arbitration, the issue is not properly before this Court. While an appellee may urge an alternative ground for affirmance without filing a cross-appeal, an appellee may not obtain a decision more favorable than that rendered below without first filing a cross-appeal. *Barrow v Detroit Election Com'n*, 305 Mich App 649, 683; 854 NW2d 489 (2014). Here, plaintiff is seeking a more favorable decision by requesting that the Court order arbitration without filing a cross-appeal. Hence, plaintiff may not challenge the trial court's denial of her motion to compel arbitration. See *id*.

Reversed.

/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Mark T. Boonstra

-4-