*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DIONNA STUBBS-BARRETT, also known as
DIONNA STUBBS and DIONNA BARRETT,

UNPUBLISHED
October 23, 2025
11:14 AM

Plaintiff-Appellant,

v

No. 373388
Oakland Circuit Court
LC No. 2024-205328-NI

USA UNDERWRITERS,

Defendant-Appellee,

and

JOHN DOE,

Defendant.

Before: FEENEY, P.J., and BORRELLO and BAZZI, JJ.

PER CURIAM.

In this automobile-insurance action, plaintiff-appellant, Dionna Stubbs-Barrett, appeals as of right the trial court order granting defendant-appellee's, USA Underwriters' (USAU's), motion for summary disposition. We affirm.

## I. FACTS

In November 2022, plaintiff's husband, Kevin Barrett, applied for a USAU insurance policy, which USAU issued for the period of November 2022 through November 2023. In October 2023, plaintiff was involved in a hit and run accident, resulting in accidental bodily injuries. Shortly thereafter, a claim for benefits was made. In November 2023, USAU rescinded the insurance policy, explain that during the course of its investigation, it was discovered that the policy-application contained material misrepresentations.

In January 2024, plaintiff filed a complaint against USAU, requesting payment of uninsured and underinsured motorist coverage (UM/UIM) benefits and personal injury protection

-1-

(PIP) benefits.[1]  USAU moved for summary disposition under MCR 2.116(C)(10), arguing that rescission of the policy was warranted because plaintiff's husband made material misrepresentations in the policy-application, and even if coverage was afforded, the policy excluded PIP coverage.  Plaintiff responded, arguing that rescission was inappropriate because any misrepresentations were not knowingly and intentionally made or material.  In October 2024, the trial court waived oral argument, pursuant to MCR 2.119(E)(3), and granted USAU's motion for summary disposition.

## II. SUMMARY DISPOSITION

On appeal, plaintiff argues that the trial court erred by granting USAU's motion for summary disposition.  We disagree.

### A. PRESERVATION AND STANDARD OF REVIEW

Because the parties raised these issues before the trial court, they are preserved for appellate review.  See *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008).

"We review de novo a trial court's decision on a motion for summary disposition, reviewing the record in the same manner as must the trial court to determine whether the movant was entitled to judgment as a matter of law."  *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 440; 814 NW2d 670 (2012).  "Our review is limited to the evidence that had been presented to the circuit court at the time the motion was decided."  *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009).  MCR 2.116(C)(10) provides that the trial court may grant summary disposition in favor of the moving party when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law."  "In reviewing a motion brought under MCR 2.116(C)(10), we review the evidence submitted by the parties in a light most favorable to the nonmoving party to determine whether there is a genuine issue regarding any material fact."  *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012).  "A genuine issue of material fact exists when the record leaves open an issue on which reasonable minds could differ."  *Id*. at 270-271 (quotation marks and citation omitted).

"Also, the interpretation of a contract is a question of law reviewed de novo on appeal, including whether the language of a contract is ambiguous and requires resolution by the trier of fact.  An unambiguous contract must be enforced according to its terms."  *Reed v Reed*, 265 Mich App 131, 141; 693 NW2d 825 (2005) (citation omitted).  "When interpreting a contract, such as an insurance policy, the primary goal is to honor the intent of the parties."  *Meemic Ins Co v Fortson*, 324 Mich App 467, 481; 922 NW2d 154 (2018) (quotation marks and citation omitted).

### B. PLAINTIFF'S CLAIM FOR PIP BENEFITS

---

[1] Plaintiff's complaint was also filed against John Doe for a negligence-claim.

Plaintiff first argues that she "should have been allowed to litigate" her claim for PIP benefits. We disagree.

"[A]n insurer has a reasonable right to expect honesty in the application for insurance . . . ." *Bazzi v Sentinel Ins Co*, 502 Mich 390, 407; 919 NW2d 20 (2018). "Indeed, it is well settled that an insurer is entitled to rescind a policy ab initio on the basis of a material misrepresentation made in an application for no-fault insurance." *Sherman v Progressive Mich Ins Co*, ___ Mich App ___, ___; ___NW3d ___ (2024) (Docket No. 364393); slip op at 3 (quotation marks and citation omitted; emphasis added). "Accordingly, in order to justify rescission of PIP coverage with respect to preprocurement misrepresentations, the insurer must be able to demonstrate *common-law* fraud under equitable principles." *Howard v LM Gen Ins Co*, 345 Mich App 166, 173; 5 NW3d 46 (2023) (citation omitted). "Rescission is justified without regard to the intentional nature of the misrepresentation, as long as it is relied upon by the insurer." *21st Century Premier Ins Co v Zufelt*, 315 Mich App 437, 446; 889 NW2d 759 (2016) (quotation marks and citation omitted). But in cases involving an innocent third-party to the misrepresentations, "trial courts are to 'balance the equities' when determining whether an insurer may rescind an insurance policy." *Howard*, 345 Mich App at 174 (citation omitted). Accordingly, this Court has adopted five nonexclusive factors that trial courts should consider when determining whether rescission would be equitable in innocent-third party cases. See *Howard*, 345 Mich App at 174-177; *Pioneer State Mut Ins Co*, 331 Mich App at 410-411.

Under MCL 500.3107d(1), drivers may opt out of PIP medical coverage if they have "qualified health coverage." In this case, plaintiff's husband chose to do just that by explicitly opting out of PIP medical benefits on the policy application. Accordingly, there was no PIP medical coverage under the policy, and the trial court did not err by determining that USAU was not responsible for payment of PIP medical benefits. See *Reed*, 265 Mich App at 141 ("An unambiguous contract must be enforced according to its terms."). Because there were no PIP benefits under the policy, we will not wade into the party's arguments concerning USAU's rescission of the policy in relation to no-fault benefits.

## C. PLAINTIFF'S CLAIM FOR UM/UIM BENEFITS

Plaintiff further argues that the trial court erred by determining that USAU was not responsible for payment of UM/UIM benefits. We disagree.

Unlike PIP coverage, UM/UIM coverage is optional insurance that is not required by Michigan's no-fault act, MCL 500.3101 *et seq*. *Dawson v Farm Bureau Mut Ins Co of Mich*, 293 Mich App 563, 568; 810 NW2d 106 (2011). "Accordingly, the rights and limitations of such coverage are purely contractual," and "the terms of coverage are controlled by the language of the contract itself, not by statute." *Id*. (quotation marks and citation omitted). Therefore, "an insurer may rescind UIM coverage on the basis of a violation of an antifraud policy provision." *Howard*, 345 Mich App at 178.

In this case, plaintiff's husband acknowledged the following statements before signing his name on the policy-application:

I declare that the statements on all pages of this application are true and request USA Underwriters to issue the insurance applied for in reliance on these statements. I understand that any material misrepresentation will void coverage.

\* \* \*

No coverage is provided and the policy shall be null and void from inception:

-If any information in this application is false or misleading.

There is no dispute that in the policy-application, plaintiff's husband represented that in the past three years, neither he nor any of his rated household members had their driver's licenses suspended or revoked. There is also no dispute that USAU later learned that both plaintiff's and her husband's drivers' licenses were suspended within 3 years before the application date.

On appeal, plaintiff's argument rests on the assertion that her husband did not *knowingly* or *intentionally* make a misrepresentation; however, the plain terms of the contract do not state that the misrepresentation must be intentional in order for the policy to be voided—it merely states that "any material misrepresentation will void coverage," and "[n]o coverage is provided and the policy shall be null and void from inception . . . [i]f any information in this application is false or misleading." Moreover, USAU's underwriting representative stated, by way of affidavit, that had plaintiff's husband answered the question in the affirmative, "the policy would not have been issued." Because USAU relied on the misrepresentation when determining eligibility for coverage, the misrepresentation was material. *Id*. ("[A]n insurer is entitled to a rescission when it has relied on a material misrepresentation that was made in a no-fault insurance application. Reliance may exist when the misrepresentation relates to the insurer's guidelines for determining eligibility for coverage.") (quotation marks and citations omitted). Accordingly, the trial court did not err by determining that USAU was not responsible for payment of UM/UIM medical benefits. See *Reed*, 265 Mich App at 141 ("An unambiguous contract must be enforced according to its terms.").

Affirmed.

/s/ Kathleen A. Feeney
/s/ Stephen L. Borrello
/s/ Mariam S. Bazzi

-4-