VOZBUT *v.* POMPUTIS.

MORTGAGES—MORATORIUM LAW—RELIEF PRIOR TO DECREE.

> Under mortgage moratorium law which became effective while
> foreclosure proceedings were pending in chancery and before
> decree was entered, mortgagor's relief in such a case, if any,
> is confined to that sought prior to entry of decree (Act No. 98,
> Pub. Acts 1933).

Appeal from Kent; Brown (William B.), J. Submitted January 9, 1935. (Docket No. 35, Calendar No. 38,085.) Decided November 12, 1935.

Bill by John Vozbut against Michael and Mary Pomputis to foreclose a mortgage. On defendants' petition for relief under mortgage moratorium act. From order extending period of redemption and fixing amount of payments, plaintiff appeals. Order vacated.

*Michael Garvey,* for plaintiff.

*Thomas D. Anderson* and *George C. Brown,* for defendants.

NORTH, J. This is an appeal from an order entered under the so-called moratorium act (Act No. 98, Pub. Acts 1933), extending the period of redemption and restraining the mortgagee, appellant herein, from dispossessing the defendant mortgagors. The foreclosure suit was instituted May 10, 1933. The moratorium act became effective June 2, 1933. Defendants filed their answer June 14, 1933. Decree of foreclosure was entered October 23, 1933. The

defendants in the foreclosure proceedings filed a petition for relief under the moratorium statute on June 29, 1934. In plaintiff's answer to the petition the defense was set up that the petitioner should be denied the relief sought on the ground of laches, and facts were alleged touching the mortgagors' delay in making this application for relief under the moratorium act which brings the instant case squarely within our decision in *Wade* v. *Farrell,* 270 Mich. 562. It should be noted that the decision in the *Wade Case* was not rendered by this court until after the appeal in the instant case. Plaintiff herein began his foreclosure suit prior to the effective date of Act No. 98, Pub. Acts 1933, but all other proceedings in the foreclosure suit were subsequent to the effective date of the moratorium statute; and the decree of foreclosure was not signed until more than four months after the act became effective. We quote from the syllabus of the *Wade Case:*

"Under mortgage moratorium law which became effective while foreclosure proceedings were pending in chancery and before decree was entered, mortgagor's relief in such a case, if any, is confined to that sought prior to entry of decree."

Under the above decision the mortgagors petitioned too late for relief under the moratorium act and the relief sought should have been denied.

The order of the circuit judge must be vacated with costs to appellant.

Potter, C. J., and Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.

The late Justice Nelson Sharpe took no part in this decision.